# Bentley *v.* Georgia Pacific Railway Company.

*Action for Damages against Railroad Company, by Administrator of Person Killed.*

1. *Trespassers on railroad track.*—Except at public crossings, and within the limits of cities and towns, a railroad company is under no

[Bentley v. Georgia Pacific Railway Company.]

obligation to maintain a special lookout for intruders or trespassers upon its track, and is only bound to the exercise of reasonable diligence after they are or ought to be discovered.

2. *Same; contributory negligence.*—A person who undertakes to walk across a railroad trestle seventy feet long and twenty-five feet high, knowing that a train is due and momentarily expected, and who is killed or injured by the train approaching from the rear, not being seen by the conductor or engineer in time to stop the train, is guilty of proximate contributory negligence, which bars a recovery in an action for damages, unless it is shown that the injury was caused by wanton, reckless, or intentional negligence on the part of the railroad's servants.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. LEROY F. BOX.

This action was brought by George M. Bentley, as the administrator of the estate of Isham Bentley, deceased, to recover damages for his negligent killing, as alleged, by the servants and agents of the defendant corporation; and was commenced on the 2d February, 1887. The deceased was run over and killed by one of the defendant's trains, on the 18th November, 1886, while walking across a trestle on the defendant's track. It is unnecessary to state the charges to the jury, which are specially assigned as error.

KELLY & SMITH, for appellant.

JAMES WEATHERLY, and AIKEN & BENTON, *contra.*

SOMERVILLE, J.—The plaintiff Bentley sues in his representative capacity for the alleged negligent killing of his intestate by the wrongful act of the defendant railway company. The evidence shows that the deceased, a man sixty-five years of age, was, at the time of the accident, walking on the track of the road, crossing a trestle, which was about seventy-five feet long and twenty-five feet high. He resided in the neighborhood, and knew that the west bound passenger train was past due, and momentarily expected. On the east side of the trestle, there was a cut about eighteen feet deep at the highest point, and curving slightly, and with a down grade from about one mile east, running west towards the place of the accident.

We can scarcely say that the evidence tended to show any negligence on the part of the railroad servants in charge of the train; but, conceding that it did, there is nothing to authorize the inference that such negligence was wanton, reckless, or intentional.

Our past decisions commit us to the rule, that one who

[Bentley v. Georgia Pacific Railway Company]

walks on the track of a railroad company, without invitation or license, is a trespasser; and such companies owe trespassers no such duty as to require a special look-out for their intrusions, except at public crossings, and within the limits of cities, towns, and villages. They are only bound to the exercise of reasonable diligence after such trespassers are discovered, or their peril of injury becomes apparent.—*Ga. Pac. R. R. Co. v. Blanton*, 84 Ala. 154; *Memphis & Charleston R. R. Co. v. Womack*, *Ib.* 149; *S. & N. R. R. Co. v. Donovan*, *Ib.* 141. A trespasser, in other words, upon the right of way of a railroad company, at any other place than a public crossing, or in a city, town or village, can not maintain an action against such company for an injury received while thus trespassing, unless his presence on the track has been discovered, or his peril become apparent to the engineer or other servant in charge of the train, or unless such injury is caused by wanton, reckless, or intentional negligence on the part of the company, or its servants. A mere failure ordinarily to look out for trespassers is not negligence, where there is no special fact or reason which calls for diligence in this particular.

Under the facts in this case, the railroad servants had no reason to anticipate a trespass on the part of the deceased, of the kind disclosed in the evidence, and they owed him no duty to keep a lookout for him.

In view of this principle, the whole case can properly be made to turn on the question of the contributory negligence of the deceased, which must be imputed to the plaintiff as his legal representative. Upon the undisputed facts of the case, we are of opinion that he was guilty of a want of ordinary care, in attempting to cross the trestle under the circumstances of danger surrounding him, and that this negligence proximately contributed to his death. No prudent man would have ventured to do so reckless an act. The evidence authorizes but one rational inference on the subject, and that is an inference of gross negligence.

This being the case, we shall decline to inquire into the various rulings of the court. On the undisputed facts of the case, the court could well have given the general affirmative charge in favor of the defendant without hypothesis. A demurrer to the evidence would have been sustained, had all the evidence been introduced by the plaintiff; and had the jury found a verdict for the plaintiff, it would have been the

[Espalla & Haynie v. Wilson, Sage & Company.]

duty of the trial court to set it aside as contrary to the evidence.

Affirmed.