# Ga. Pacific Railway Co. *v.* O'Shields.

### *Action for Damages, for Injuries to Wagon.*

1. *Contributory negligence by trespasser on railroad track.*—A person who, driving in his wagon down a private road, which was on the right of way of a railroad company, and partly on its track, fails to look up and down before getting on the track, though he was slightly deaf, is guilty of contributory negligence, and can not recover damages for injuries to his wagon caused by collision with a train of detached cars, which were standing in full view about two hundred .yards from the point at which he drove on the track; unless the'evidence also shows such gross negligence on the part of the railroad employees as amounts to recklessness, willfulness, or intentional wrong.

2. *Same; gross negligence, avoiding contributory negligence.*—The evidence showing, also, that when plaintiff drove on the railroad track, the train of cars was standing, with engine attached, about two hundreds yards behind him, where he was in full view; that the cars were detached, and allowed to run on a down grade, with only one brakeman on them, who could not control their speed as they approached plaintiff, running at the rate of more than six miles an hour, the maximum allowed by a municipal ordinance there in force; these facts show such gross negligence as amounts to recklessness, willfulness, or wantonness, and avoid the defense of contributory negligence.

APPEAL from the City Court of Anniston.

Tried before the Hon. WM. F. JOHNSTON.

This action was brought by Simpson O'Shields, against the appellant railroad company, to recover damages for injuries to his wagon, caused by collision with a train of five or six detached cars, which came down from behind him, and struck the wagon while standing partly on the railroad track. The action was commenced before a justice of the peace, on February 18th, 1888; and was removed by appeal into the City Court, where it was tried on issue joined on the pleas of not guilty and contributory negligence. A jury was waived, and the cause submitted to the decision of the court; and on the evidence adduced, all of which is set out in the bill of exceptions, the court rendered judgment for the plaintiff, for $25. The defendant excepted to this judgment, and here assigns it as error. The opinion states the material facts.

KNOX & BOWIE, for appellant, cited *M. & M. Railway Co. v. Blakely,* 59 Ala. 479; *Gothard v. Ala. Gr. So. R. R. Co.,* 67 Ala. 114; *Wilson v. L. & N. R. R. Co.,* 85 Ala. 273; *Railroad Co. v. Hedges,* 37 Amer. & E. R. R. Cases, 516.

MACDONALD & WILLIAMS, *contra.*

McCLELLAN, J.—Trial below was had without jury, and the exception reserved to the judgment imposes on this court the duty of reviewing the evidence, without indulging any presumption in favor of the action of the court below thereon; and if error be found in the conclusion reached by the trial court, it is further made our duty either to render such judgment as should have been rendered in the first instance, or to reverse and remand the cause, as we may "deem right." Acts 1888–9, pp. 564, 569.

The damages sustained were sustained by reason of defendant's cars colliding with plaintiff's wagon. A private road ran along defendant's right of way, and on its road-bed and track at the point of collision. There was another road leading to the Woodstock furnaces, plaintiff's point of destination, which did not encroach on defendant's right of way or track, and which was equally as good as the route taken by plaintiff, though some longer; but it was shown that the latter was generally used by persons hauling to the furnaces. Plaintiff drove upon defendant's track, without looking up or down it, and proceeded along the track without keeping any look-out for approaching trains; and this though he was slightly deaf, and should for that reason have been more diligent in the use of his organs of sight. Had he looked up the track when he drove on, he would have seen defendant's train thereon within from one to two hundred yards of him. Had he maintained a diligent outlook after driving on the track, and while proceeding along it in the opposite direction, he would have seen five or six detached cars running of their own weight down a grade towards him, in time to have driven off the road-bed, and thus have avoided the collision. It is at once apparent from the facts stated that the plaintiff was a trespasser on the track of the defendant, and that he was guilty of negligence in going upon and along the track without keeping a look-out, so contributing to the injury as to afford to the defendant a complete defense to any charge of mere negligence on the part of its employés. *L. & N. R. R. Co. v. Black*, 89 Ala. 313; *Gothard v. A. G. S. R. R. Co.*, 67 Ala. 114. The judgment appealed from, therefore, must find its justification in something more than simple negligence on the part of the defendant. The negligence imputed must be so gross as to involve the legal element of willfulness or recklessness.

The evidence reasonably satisfies us that, when plaintiff approached the track, defendant's train was stationary, within, as we have said, from one to two hundred yards of the plain-

tiff, and that he was then in plain view of the defendant's operatives. After plaintiff had driven on the track, or, at least, while he was approaching that part of the track which also forms the private roadway, and was proceeding with his back to the cars, defendant's employès detached five or six cars from its engine, and allowed them to run down a considerable grade towards the plaintiff. The engine whistle was sounded when the cars started, but the cars themselves were provided with no appliances to give warning of their approach. Only one brakeman was left on the detached cars to regulate their speed. The speed of the cars at the point of collision is shown to have been at least six miles an hour, and this when it must have been very considerably lessened by the efforts of the brakeman to stop them. One witness testifies, that the speed attained was fifteen miles an hour. The plaintiff says it was ten miles an hour at the point of collision. An ordinance of the city of Anniston, where the accident occurred, prescribed six miles as the maximum speed of trains within its limits. We are satisfied from all the evidence that these cars were allowed to run at a rate greatly in excess of that maximum. It is shown, too, that had there been another brakeman on the cars, they could have been stopped before colliding with plaintiff's wagon. To thus detach the cars from the engine, and put it out of the power of the defendant's employès to stop them, or control their speed, by reversing the engine; to start them down a grade towards the point where the plaintiff, with his wagon and team, was on the track, at a place where it was the defendant's duty to keep a look-out even for trespassers (*S. & N. R. R. Co. v. Donovan*, 84 Ala. 141), with his back towards the train, and that too when the intervening distance was less than two hundred yards; to allow the cars to attain a speed, as they approached the plaintiff, greatly in excess of that limited by the municipal ordinance,—a speed so great that they could not be stopped in time to avert the injury by the one brakeman left on them; and all this when the cars were without any means or appliances such as the law requires for giving signals of their approach, was, in our opinion, such gross negligence on the part of the defendant's employès, as amounted to that reckless disregard of the safety of plaintiff and his property, which is the legal equivalent of intentional wrong, against an action for damages resulting from which, the negligence of the plaintiff shown by the evidence is no defense.—*Bentley v. Ga. Pac. Railway Co.*, 86 Ala. 484.

The judgment of the City Court is, therefore, affirmed.