# Hunter *v*. L. & N. R. R. Co.

*Action for Damages to Passenger.*

(Decided May 6, 1907.    43 So. Rep. 802.)

1. *Appeal; Assignment of Error; Form.*—Assignments of error made on separate sheets of paper and attached to a page of transcript by ordinary paper fasteners is not in compliance with the rules of this court as to assignments of error and when so made will not be considered.

2. *Carriers; Injury to Passenger; Contributory Negligence.*—A passenger is guilty of contribtuory negligence who attempts, while encumbered with baggage, to alight from a train running from

[Hunter v. L. & N. R. R. Co.]

six to ten miles an hour, especially where such passenger has stood upon the car steps several minutes before attempting to alight and been enabled by watching passing objects to determine the speed of the train.

APPEAL from Morgan Circuit Court.

Heard before Hon. OSCEOLA KYLE.

Action for personal injuries by F. B. Hunter against the Louisville & Nashville Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

After the case was affirmed for want of proper assignment of error, motion was made by appellant to set aside the judgment of affirmance, to restore the cause to docket and permit an assignment of errors, which motion was granted, for the reasons stated in the opinion. The case was then submitted and decided on its merits.

JAMES T. KIRK, and W. W. CALLAHAN, for appellant. —As to duty and measure of diligence required of carriers, see, *Bir. Ry. & E. Co. v. Baird*, 30 South. 456; *Gadsden Co. v. Causley*, 97 Ala. 235. Defendant was guilty of negligence.—*Bucher v. N. Y. Cent. R. R. Co.*, 98 N. Y. 128; *Sweet v. Bir. Ry. & E. Co.*, 33 South. 886; 6 Cyc. 614; *Mills v. M. K. & T. R. R. Co.*, 55 L. R. A. 502; *Montgomery R. R. Co. v. Stewart*, 91 Ala. 421; *Brasher v. Houston Cent. Ry. Co.*, 28 L. R. A. 811. Plaintiff was not guilty of contributory negligence per se in stepping from the moving train.—*Watkins v. Bir. Ry. & E. Co.*, 120 Ala. 147; *Sweet v. Bir. Ry. & E. Co.*, 33 South. 886; *Mont. & Eufaula R. R. Co. v. Stewart*, 91 Ala. 421; *Gen. R. R. & Banking Co. v. Mills*, 88 Ala. 256; *Highland Ave. & B. Ry. Co. v. Winn*, 93 Ala. 310; 5 A. & E. Ency. of Law, (2nd Ed.) 648; 6 Cyc. 639, 649, 650; 2 Wood Ry. Law, (1st Ed.) 1130-37-49-50; *Wooten v. M. & O. R. R. Co.*, 29 South. 61. Whether or not plaintiff was negligent under the facts in this case was a question for the jury.—*Watkins v. Bir. Ry. & E. Co., supra; Sweet v. Bir. Ry. & E. Co., supra; M. & E. R. R. Co. v. Stewart, supra; Carr v. E. R. & E. R. R. Co.*, 21 L. R. A. 354; *Bucher v. N. Y. Cent. R. R. Co., supra.* The jury might have inferred that the conductor was

negligent after he discovered from plaintiff's act that he was going to debark at a time and place that was dangerous and whether or not defendant was guilty of negligence after the dicovery of plaintiff's peril, was a question for the jury.—*M. & E. R. R. Co. v. Stewart, supra; M. & C. R. R. Co. v. Martin,* 30 South. 827; *Southern Ry. Co. v. Bush,* 26 South. 168; *R. R. Co. v. Foshee,* 125 Ala. 119. The court's attention is called to the following additional authorities in support of appellant's contention.—*K. C. M. & B. R. Co. v. Matthews,* 39 South. 211; *B. & O. R. R. Co. v. Mullen,* 75 N. E. 475; *N. B. Ry. Co. v. Liddicoat,* 99 Ala. 549; *C. & A. R. Co. v. Meadows,* 75 Ala. 305. As to the company's custom to slow down at Falkville, and as affecting defendant's liability, attention is called to *N. P. S. Ry. Co. v. Castor,* 86 Ill. 249; *N. C. S. Ry. Co. v. Irwin,* 202 Ill. 347; *N. B. R. R. Co. v. Liddicoat, supra.*

J. M. FAULKNER, GEORGE W. JONES, HARRIS & EYSTER, and A. J. HARRIS, for appellee.—The facts stated in the complaint do not constitute an invitation to the passenger to alight.—*Bridges v. Ry. Co.,* 6 Q. B. L. R. 377; *Smith v. G. P. Ry. Co.,* 88 Ala. 540; *R. & D. R. R. Co. v. Smith,* 92 Ala. 337; *England v. B. & M. R. R. Co.,* 27 N. E. 1; *Bullock v. Butler Exchange Co.,* 46 Atl. 274; *C. W. & M. R. R. Co. v. Peters,* 80 Ind. 168. In alighting from the car while in motion plaintiff assumed the risk of injury caused by its ordinary momentum.—*McDonald v. M. S. Ry. Co.,* 110 Ala. 178; *Watkins v. B. R. & E. Co.,* 120 Ala. 152; *Jones v. C. & C R. R. Co.,* 33 South. 200. No willfullness upon the part of the conductor is shown and the affirmative charge is properly given as to the 2nd count.—*H. A. & B. Ry. Co. v. Winn,* 93 Ala. 310. Plea 9 is not subject to any of the grounds assigned.—*Osborn v. Ala. S. & W. Co.,* 33 South. 182. Defendant's testimony points to the irresistible conclusion that he took the risk of his leap and was guilty of contributory negligence as a matter of law.—*Thompson v. Duncan,* 76 Ala. 338; *L. & N. R. R. Co. v. Lee,* 97 Ala.

325; *E. T. V. & G. R. R. Co. v. Holmes, supra; Hunter v. C. & F. V. Ry. Co.*, 112 N. Y. 371. It is negligence to alight from a moving train encumbered with baggage. —*Rickerts v. R. R. Co.*, 85 Ala. 601; *R. R. Co. v. Letcher*, 69 Ala. 106. On the undisputed facts in this case, defendant' was entitled to the general affirmative charge.—*Smith v. G. P. Ry. Co., supra; Bently v. G. P. Ry. Co.*, 86 Ala. 484.

DOWDELL, J.—We have on several occasions recently called attention of attorneys to the fact that the assigning of error on separate sheets of paper and pasting the same on the page or pages of the transcript is not a compliance with the rule of practice as to the assignment of errors that has always obtained in this court. The transcript is intended to be a permanent record, and is required by law to be bound for permanent preservation as a record of this court, and the assignment of errors, when made on its pages, becomes a part of the record. In the present case the assignment of errors is made on separate sheets of paper, which are attached to a page of the transcript with ordinary paper fasteners, subject to easy detachment and removal. This is not a compliance with the rule, and cannot, therefore, be regarded or considered as an assignment of errors on the transcript; and the judgment appealed from will be affirmed for want of assignment of errors in the transcript.

Affirmed.

McClellan, C. J., and Tyson and Denson, JJ., concur.

## On Application for Rehearing and on Application to Set Aside Judgment and Order of Submission.

PER CURIAM.—The court adheres to all that was said in respect to the rule as to the proper mode and practice of assigning errors on the record, and the application for rehearing must therefore be denied. But

[Hunter v. L. & N. R. R. Co.]

since the cause was submitted on the merits, no motion having been made for the affirmance of the judgment appealed from for want of assignment of errors on the record, and in further consideration of the fact that there was an attempt to assign errors, though such an attempt was under a misconception of the rule, the court is inclined to allow the appellant to now assign errors, and the application for that purpose will be granted.

To that end it is ordered that the judgment of affirmance and the order of submission be set aside and the cause restored to the docket. All the Justices concur.

On the Merits.

DOWDELL, J.—The plaintiff sued to recover damages for personal injury sustained by him in alighting from a moving train of the defendant. The complaint, as amended, contained four counts, to each and all of which the plea of the general issue was interposed, and to the first, third, and fourth counts special pleas of contributory negligence. The judgment entry recites that issue was joined on plea of not guilty, and on special pleas 7 and 9, and on special replication No. 2. Upon the conclusion of the whole evidence, the court, at the request of the defendant in writing, gave the general affirmative charge with hypothesis to find for the defendant.

The second count of the complaint was intended, and so treated by both the plaintiff and defendant, as one for willful and intentional wrong and injury. There was a total absence of evidence showing or tending to show willful or intentional wrong on the part of the defendant's servants, or such gross negligence as would be tantamount to wantonness; and hence no error was committed in the giving of the general charge to find for the defendant as to the second count.

The third count of the complaint bases the plaintiff's right of recovery for the injury sustained for alleged negligence in the management and operation of the train while the defendant's conductor was assisting plaintiff

OF ALABAMA. 599

in alighting from the train on which the plaintiff was a passenger. This count does not aver that the train was at the time in motion, and for ought that appears in the averments of the complaint the train had stopped at the station of the plaintiff's destination. There is a total absence of any evidence showing or tending to show that the plaintiff, at the time of alighting from the train and receiving his injury, was assisted or being assisted by the conductor or any other servant of the defendant to alight from the train, or that at the time the train was negligently managed or operated. The undisputed evidence shows that the train was slackening its speed and gradually slowing down for Falkville, the place of plaintiff's destination, when plaintiff debarked while the train was yet moving and without assistance from any one. There was clearly no error in the giving of the general affirmative charge in favor of the defendant as to the third count of the complaint.

The first and fourth counts of the complaint proceed upon the theory that the train on which the plaintiff was a passenger was not scheduled to stop at Falkville, plaintiff's station for debarking, but was one of the trains of the defendant company which, instead of always stopping at said station for the purpose of discharging its passengers, usually slowed down and slackedened its speed to a rate rendering it sufficiently safe for passengers to debark at said station, and all of which the plaintiff knew, and that the plaintiff, acting on the invitation of the conductor to alight from said train at said time and place, and believing it to be safe, in attempting to alight was thrown to the ground and injured. The plaintiff's own testimony shows that when the train was nearing Falkville the plaintiff was asleep, and the conductor came to him and awakened him "and called out 'Falkville,' or 'This is Falkville,' and then walked towards the door and opened it and stood to one side; that plaintiff immediately got up and with an umbrella and grip in his hands started towards the door, following the conductor. When witness (plaintiff) got to the door, he passed out by the conductor onto the platform, and then onto the steps of

the coach in which he was riding, and looked to see if he was at the station, and observed objects familiar to him, such as Patterson's store and barn, while he was standing on the steps of the coach; that neither the conductor nor any agent or servant of the defendant said or did anything else to him." Witness further testified "that he had a handbag or grip, about 16 inches long and 5 or 6 inches wide at the bottom, and a umbrella in his right hand; that the umbrella was hanging on the frame of the grip and pointed downward, or in a perpendicular direction, and he had this grip and umbrella in his hand when he stepped off; that at the time the train reached Falkville, and when he stepped off, it was between 2 and 3 o'clock at night, and that the night was dark, but starlight, and light enough for him to see general outlines of objects, but could not see distinctly the surface of the ground. It looked dark." The plaintiff further testified that he remained on the steps of the coach from two to three minutes before attempting to alight, and that he was about 40 years of age, and that his hearing and sight were good. The plaintiff further testified that, when he attempted to alight he supposed that the train was moving at the rate of about two miles an hour, but, when testifying, that his opinion was that the train was running at the rate of eight or ten miles per hour.

The undisputed evidence in the case shows that, when the conductor aroused the plaintiff from his sleep and announced the station of Falkville, the train had begun to slacken its speed and from that time was continuing to slow down for the station until it came to a standstill, which, in fact, it did immediately after the plaintiff alighted and fell, receiving his injuries. The first and fourth counts aver that the plaintiff was "directed and invited" by the defendant's conductor to debark from the train. The insistence in argument of the plaintiff is that in attempting to alight from the train he was acting upon the invitation of defendant's conductor, and that in so doing he did no more than an ordinarily prudent man would have done under the same circumstances ,and that, therefore, he was free

from any negligence that contributed to his injury. There was no express invitation from the conductor to the plaintiff to alight from the train, and whether there was or not an implied invitation from the announcement by the conductor of the station Falkville, and his after conduct in opening the door and stepping to one side, we need not discuss, since this would be wholly immaterial, if the plaintiff, in attempting to alight, was himself guilty of negligence which contributed to his injury.

We recognize the general rule that alighting from a moving train is not necessarily negligence per se; but, as was said in *Watkins v. Birmingham Ry. & Elec. Co.,* 120 Ala. 152, 24 South. 394, 43 L. R. A. 297, "there may be, it is true, exceptional circumstances attending the attempt thus to alight, such as the great speed of the train, the age or infirmity of the passenger, or his being incumbered with bundles or children, or other facts which render the attempt so obviously dangerous that the court may, where the testimony is undisputed, declare as matter of law that the passenger's conduct was reckless and negligent." Here the undisputed facts are that the train was at the time running from six to ten miles an hour; that the plaintiff stood upon the steps from two to three minutes before attempting to alight, able to discern, and in fact discerning, the general outline of objects which the train was passing, and thereby enabled to determine the speed of the train, and familiar with the place and its surroundings, having lived there for 15 years, and, being at the time incumbered with his baggage, voluntarily attempted to alight from the train. In making the venture it is very evident that the plaintiff did not rely upon any invitation, express or implied, from the conductor to debark. By his own statement he stood upon the steps from two to three minutes while the train was continuing to slacken its speed, and neither the conductor nor any other servant of the defendant was on the platform, and no one said anything to him. He exercised his own judgment and made his own calculations, without any fault attributable to any one else than himself, and there was

[Nixon v. Clear Creek Lumber Co.]

no error in the trial court's instructing the jury that the plaintiff was, on the undisputed evidence, as matter of law, guilty of negligence which contributed proximately to his own injury.

The defendant being entitled to the general affirmative charge, as requested, this renders unnecessary consideration of other rulings of the court assigned as error.—*Smith v. Ga. Pac. Ry. Co.*, 88 Ala. 540, 7 South. 119, 7 L. R. A. 323, 16 Am. St. Rep. 63; *Bently v. Ga. Pac. Ry. Co.*, 86 Ala. 484, 6 South. 37.

Finding no reversible error in the record, the judgment appealed from will be affirmed.

Affirmed.

HARALSON, SIMPSON, and ANDERSON, JJ., concur.

TYSON, C. J., and DENSON, J., entertain the opinion that whether plaintiff was guilty of negligence in alighting from the train, under the circumstances shown by the testimony, was a question for the determination of the jury, and not one of law for the court, and therefore cannot concur in the conclusion announced.