(89 South. 841)

### JONES v. JARMAN. (2 Div. 222.)

(Court of Appeals of Alabama. June 14, 1921.)

**Appeal and error ⬅867—Appeal not reinstated if defective assignments render it useless.**

An appeal dismissed for want of prosecution will not be reinstated, even though the statement in support of the motion therefor would otherwise be sufficient, where the assignments of error were on a separate sheet of paper, which is not in compliance with the Rules and Practice of the Supreme Court (Code 1907, p. 1506), so that it would be a useless thing to reinstate the appeal.

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

Action by Wood Jones against P. B. Jarman, for the penalty for issuing improperly a marriage license. Judgment for defendant, and plaintiff appeals. Appeal dismissed, and motion to reinstate overruled.

See, also, post, p. 689, 88 South. 925.

The correspondence submitted showed notice to the appellant of the various steps taken in the case from the clerks of the circuit court and the Court of Appeals, and the transcript showed the filing on August 30, 1920, with motion to dismiss filed February 10, 1921. The assignments of error were on a separate piece of transcript paper, not attached to the record in any way, but merely inserted in the record. The appellant's brief was marked, "Filed October 30, 1920."

Festus F. Windham, of Tuscaloosa, for appellant.

Counsel discuss the case on its merits, but in view of the opinion it is not deemed necessary to here set them out.

No brief appears on the motion to reinstate.

Patton & Patton, of Livingston, for appellee.

Counsel discuss the case on its merits, but in view of the opinion it is not deemed necessary to here set it out.

No brief appears on the motion to dismiss, or in resistance of the motion to reinstate.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MERRITT, J.   On February 15, 1921, the appeal in this case was dismissed for want of prosecution, and the cause is now' submitted for our consideration on motion of appellant to set aside the order of dismissal, and to restore the case on the docket. We would be inclined to grant the motion in this case, though we are free to say that the letters and papers offered in support of the motion make a doubtful case for such action, but an examination of the record discloses that to.do so would be a useless thing. The assignments of error appear to be on a separate sheet of paper.   This is not a compliance with the rule of practice as to the assignment of errors.    Rules and Practice Supreme Court, p. 1506; Civil Code Alabama, 1907: Hunter v. L. & N. R. R. Co., 150 Ala. 594, 43 South. 802, 9 L. R. A. (N. S.) 848. The correspondence submitted in favor of the motion to set aside the order dismissing the cause discloses that this matter has heretofore been called to the attention of the appellant.

The motion to set aside the order of dismissal must therefore be overruled.