(112 So. 640)

SMITH v. EUDY et al. (6 Div. 743.)

Supreme Court of Alabama. April 21, 1927.

1. Ejectment ⬤69, 71—In ejectment, and statutory actions in nature thereof, not guilty and disclaimer may not be pleaded as to same lands.

In actions of ejectment and statutory actions in nature of ejectment, a plea of not guilty and a disclaimer are incompatible defenses, and may not be pleaded by the same defendant as to the same lands.

2. Ejectment ⬤69—In statutory ejectment, defendant may in same plea disclaim as to part of lands, and plead not guilty as to balance (Code 1923, § 7457).

Under Code 1923, § 7457, defendant in statutory action in nature of ejectment may, in the same plea, disclaim as to part of land sued for, and plead not guilty as to others.

3. Ejectment ⬤69—Plea in statutory ejectment, describing boundary by courses, distances, and monuments, held sufficiently certain on demurrer.

In statutory action in nature of ejectment, involving boundary line controversy, plea disclaiming title to all lands south of line described by courses, distances, and monuments, and "thence in a northwest direction with the old fence road to the western side of said lands sued for," and pleading not guilty as to lands north of such line, held to describe with requisite certainty as against demurrer, line between lands, possession of which was disclaimed, and lands to which defendants asserted title.

4. Ejectment ⬤69—Where defendant disclaimed as to part, and pleaded not guilty as to rest, plaintiff was entitled to judgment as to land disclaimed, or to take issue on whole plea (Code 1923, § 7457).

Under Code 1923, § 7457, where defendant, in statutory action in nature of ejectment involving disputed boundary line, filed plea disclaiming title to all lands south of line described, and pleaded not guilty as to lands north thereof, plaintiff was entitled to confess disclaimer, and take judgment as to land disclaimed without damages and costs, or to take issue on whole plea.

5. Ejectment ⬤86(4)—Plaintiff taking issue on plea of disclaimer as to part, and not guilty as to balance of land, assumed burden of showing defendant's possession of land disclaimed and his own title to balance (Code 1923, § 7457).

Plaintiff, in statutory action in nature of ejectment under Code 1923, § 7457, by taking issue on defendant's whole plea which disclaimed title to part of lands, and pleading not guilty as to rest, assumed burden of showing that defendants, at time of filing suit were in possession of land covered by disclaimer, and that plaintiff had legal title, and was entitled to immediate possession of the other lands sued for.

6. Boundaries ⬤37(1)—Plaintiff's evidence in statutory ejectment, involving disputed boundary, held too speculative.

In statutory action in nature of ejectment, involving boundary line dispute, in which defendant filed plea disclaiming all lands south of described line, and pleading not guilty as to lands north of such line, plaintiff's evidence held too speculative, uncertain, and conjectural to entitle him to verdict.

7. Boundaries ⬤40(3)—Undisputed evidence that parties' predecessors established boundary 30 years before ejectment suit was filed authorized affirmative charge for defendants.

Where, in statutory action in nature of ejectment involving disputed boundary line, defendant's undisputed evidence showed that line had been established by predecesors in title of both parties 19 years before plaintiff acquired title, and over 30 years before suit was filed, and plaintiff's evidence seeking to establish true line was speculative and conjectural, court properly gave affirmative charge for defendants.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action in nature of ejectment by R. F. Smith against Dave Eudy and others. From a judgment for defendants, plaintiff appeals. Affirmed.

J. T. Johnson, of Oneonta, for appellant.

When adjoining landowners, being ignorant of the true boundary line between them, have some dispute as to its true location, and agree to establish a temporary line until the true line can be determined, neither party can acquire title to the land in dispute by adverse possession. 2 C. J. 138; Ford v. Bradford, 212 Ala. 515, 103 So. 549; Oliver v. Oliver, 187 Ala. 340, 65 So. 373. When defendant interposes a plea of disclaimer to all or any portion of the land sued for, the plaintiff may take issue on such

plea, and then the only litigable question is defendant's possession and damages for detention. Plaintiff would be entitled as a matter of right to judgment for the land disclaimed. But under the plea of not guilty the title to all the land in suit is put in issue. Martin v. Howard, 193 Ala. 477, 68 So. 982; Bradford v. Sneed, 174 Ala. 113, 56 So. 532; Code 1923, § 7457; Wade v. Gilmer, 186 Ala. 524, 64 So. 611. The affirmative charge should never be given, where there is a material conflict in the evidence. McCormack Harvesting Co. v. Lowe, 151 Ala. 313, 44 So. 47; Amerson v. Coronoa Co., 194 Ala. 175, 69 So. 601.

Ward, Nash & Fendley, of Oneonta, for appellees.

Where adjoining landowners establish a line between them as a true line, and each holds the land on each side of the line in peaceable, adverse possession for a period of 10 years, this itself establishes the true line between them. Smithson v. Handley, 206 Ala. 353, 91 So. 447. When all the testimony is in, and under it the plaintiff cannot recover, it is the duty of the court to give the affirmative charge for the defendant, when requested in writing.

This case was submitted under Supreme Court rule 46, and the opinion of the court was prepared by Mr. Justice BROWN.

This is a statutory action in the nature of an action of ejectment, commenced by the appellant against the appellees on the 21st day of May, 1925. Both parties claim under Levi W. Hipp as the common source of their respective titles, and the controversy arises over the location of the boundary line between their respective tracts.

The complaint consists of two counts. Under the first count the plaintiff seeks to recover an 80-acre tract lying south of a line indicated by the following italicized description of the northern boundary line of his tract:

"Beginning at a rock corner near the center of the Huntsville and Blountsville public road, in the bed of the branch at or near where the Brooksville and Holly Pond road crosses said Huntsville and Blountsville road and running south 51¾ rods along said Huntsville and Blountsville road for a beginning point; *thence in a northwestern direction to a rock corner in the center of the gateway of the wagon road running from the residence of Levi W. Hipp to his farm; thence northwest to a rock on the west side of the public road running by the residence of Levi W. Hipp; thence on in the same direction to the north and south line on the west side of the northeast quarter of the northeast quarter of section fifteen, township ten, range one east,*" in Blount county, Ala.

Under the second count the plaintiff seeks to recover the following described tract:

"Beginning at a rock corner near the center of the Huntsville and Blountsville public road in the bed of the branch at or near where the Brooksville and Holly Pond road crosses the Huntsville and Blountsville public road and runs south 51¾ rods along said Huntsville and Blountsville public road to a corner for the beginning point; *thence in a northwestern direction, north 64 degrees west, to a rock corner in the center of a gateway of the old wagon road running from the residence of Levi W. Hipp to his farm; thence N. W. to a rock corner on the west side of the public road running by the residence of the said Levi W. Hipp; thence in the same direction to the north and south line on the west side of the N. E. ¼ of the N. E. ¼ of sec. 15, township 10, range 1 east, at a point 2 chains south of the N. W. corner of the N. E. ¼ of the N. E. ¼ of sec. 15, township 10, range 1 east;* thence running south along said quarter section line 6½ chains to a corner; thence in a southeastern direction to the Blountsville and Huntsville public road at a point 2.28 chains south of the beginning point; thence north to said beginning point, in Blount county, Ala."

The above italicized is the line asserted by the plaintiff to be the true northern boundary of his tract.

To this complaint defendants filed a plea disclaiming title to all the lands sought to be recovered lying south of the line described in said plea, and pleaded not guilty as to all lands lying north of said line, which is thus stated:

"Beginning at a point where the road comes into the Huntsville and Blountsville road from the west about 62 rods south from a rock corner near the center of the Huntsville and Blountsville road in the bed of the branch at or near where the Brooksville and Holly Pond road crosses said Huntsville and Blountsville road; *thence in a northwest direction with the old fence row to the western side of said lands sued for.*"

The plaintiff, by demurrer filed to this plea, asserts that it is bad: (1) Because it fails to describe the line with reasonable certainty, and (2) because the disclaimer is joined in one and the same plea with not guilty.

[1] The rule still prevails in actions of ejectment, and the statutory action in the nature thereof, that a plea of not guilty and a disclaimer are incompatible defenses, and may not be pleaded by the same defendant as to the same lands. McQueen v. Lampley, 74 Ala. 408; Doe ex dem. Rowe v. Goetchius, 180 Ala. 381, 61 So. 330; Bailey v. Selden, 124 Ala. 403, 26 So. 909.

[2] But under the statute (Code of 1923, § 7457), which provides "the defendant may, in an action of ejectment, or in an action in the nature of ejectment, disclaim possession of the premises sued for, in whole or in part, and upon such disclaimer, the plaintiff may take judgment or may take issue; and if the issue be found for him he is entitled to judgment as if the defendant had, in an action of ejectment, entered into the consent rule, confessing possession as well as lease, entry and ouster, or, in an action in the nature of an

action of ejectment, had pleaded 'not guilty,' admitting possession," it is permissible for the defendant to disclaim as to part of the lands sued for and plead not guilty as to the others in one and the same plea.

[3] We are of the opinion that the plea describes with requisite certainty the line between the lands, the possession of which is disclaimed, and the lands to which the defendants assert title under the plea, and therefore that the demurrer was not well taken.

[4] In such case it is the right of the plaintiff to 'confess the disclaimer and take judgment as to the land, the possession of which is disclaimed, without damages and costs, or he may take issue oñ the whole plea, as he did in the instant case.

[5] By taking issue on the plea, the plaintiff assumed the burden of showing that the defendants, at the time of filing the suit, were in possession of the land covered by the disclaimer, and that he (plaintiff) had the legal title, and was entitled to the immediate possession, of the other lands sued for. Wade v. Gilmer, 186 Ala. 524, 64 So. 611; Bailey v. Selden, supra.

The beginning point of the boundary line between these coterminous owners, according to the plaintiff's pleadings, is a point on the Huntsville and Blountsville road, 51¾ rods south of a rock located in the bed of a branch crossed by that road, and near where the Brooksville and Holly Pond road intersects and crosses the first-named road, thence running 64 degrees west of north to certain designated monuments, and thence northwest by certain other designated monuments, to the west boundary line of the land in suit; while the beginning point of the boundary line, according to defendants' pleadings, is located on the Huntsville and Blountsville road 62 rods south of the rock in the bed of said branch, thence running with an old fence row in a northwesterly direction to the western boundary line of the land in suit. This shows that the land to which the title is in dispute is a strip of land across the entire tract, bounded on the south by the line contended for by defendants and on the north by the line contended for by the plaintiff; that the width of this strip on the eastern boundary is approximately 10¼ rods wide, and, according to the averments of plaintiff's second count, is 6½ chains in width on the western boundary, but its width in the intermediate space is left wholly to conjecture, but may be made reasonably certain by proof of the location of the designated monuments in plaintiff's alleged line.

The plaintiff offered in evidence a deed executed by Levi W. Hipp and wife to S. C. Hearn on September 16, 1890; and a deed from Hearn and wife to the plaintiff executed on the 21st day of August, 1909; said deeds describing the northern boundary line of plaintiff's tract as follows:

"Beginning at a rock near the center of the Huntsville and Blountsville road at a point 51¾ rods south with said road from the center of the bed of the branch running across said road and the line between Levi W. Hipp and Jesse B. Murphree; *thence running from the beginning point in a northwest course by west to a rock at the center of the gateway of the wagon road running from the residence of Levi W. Hipp to his farm; thence northwest to a rock on the west side of the public road running by the residence of Levi W. Hipp; thence on the same course to the north and south line on the west side of the N. E. ¼ of the N. E. ¼ of section 15, township 10, range 1 east.*"

It will be noted that the description in these muniments of title, if anything, is more uncertain as to the course of the northern boundary line than the averments; its reasonable certainty depending upon proof of the location of the designated monuments along the course of the line.

[6] The substance of the plaintiff's testimony is that he has no knowledge of the location of the true line, and his testimony, as well as that of all other witnesses, agree that the monuments described as "a rock at the center of the gateway of the wagon road" and "a rock on the west side of the public road," as well as the road and the gateway, have long since disappeared. Plaintiff and some of his witnesses testify to an agreement with Fletcher Hipp, defendants' predecessor in title, and plaintiff to the effect that some 15 years before the trial they agreed to have Albert Smith and Kirk Hipp stake the line "and go by it until they could have the line run"; that the parties agreed upon did stake the line, and nothing more was done until long after Fletcher Hipp's death, when plaintiff procured Rice, the county surveyor, to make a survey.

The plaintiff's evidence further shows that the markings of the lines staked out under the alleged agreement have also been removed, and there is no evidence of the location of the provisional line.

The plaintiff offered the testimony of Mrs. Queen Wood and Newt Bishop in reference to the location of the old gateway. Mrs. Wood testified:

"I don't know exactly where the old gateway was, but just to the best of my knowledge I showed the surveyor. I was there when the surveyor was there. I know the old well that was there. I carried water from it. The old gateway was about 25 or 30 feet from the well. * * * There was a swinging gate there, and there was a large rock that stood in the middle of the gate, and the gate opened against this rock. * * * I told Mr. Rice where the old gateway was to the best of my knowledge; it had been so long I could not tell exactly."

Bishop testified:

"I know where the old gateway was in going from Levi Hipp's residence to the farm, and I remember where the old well was. It was about 30 or 35 yards, a little west of south,

you might say nearly south; that is, the gateway was from the well."

The plat of the locus in quo, made by the witness Rice, and adduced by the plaintiff, shows a line running a straight course at an angle of 64 degrees west of north, and this line manifestly does not correspond with the line described in the complaint, nor the deeds offered by the plaintiff, and as to this plat—after stating that part in yellow and red showed plaintiff's holdings—witness testified on cross-examination as follows:

"The old gateway is right along here (indicating a point on the north boundary of the strip of land marked in red about three-fourths of the distance from the public road to the west line of said strip). I didn't see the old gateway. I do not know where it is of my own knowledge. * * * The first one that showed me was an old lady. I don't recall her name. There is no gateway there now, and no sign of it. I couldn't say whether the description is correct or not, except what was told me. Of my own knowledge I do not know where the gateway was. Beginning down there at the beginning point running in a northwest course by west to a rock at the center of the gateway of the wagon road running from the residence of Levi Hipp to his farm. I can't show the jury where there was any gateway along that line. Thence northwest to a rock on the northwest side of the public road running by the residence of Levi W. Hipp. I didn't find any rock there. The gateway and the rock are not definite enough to locate them; no stones there to be found. And with that description I could not be sure that I found the point where the rock was. Thence on in the same course to the north and south line on the west side of the N. E. ¼ of the N. E. ¼ of said section 15. I do not know the course that the line was running when I passed the rock. I don't think there is any way to find this point from the description in the deed, because it says northwest by west, and that is very indefinite. I could not take the deed and find that particular line. A man might say in a northwest direction; then the question would be up to the surveyor to determine the degree of northwest, and he couldn't get that himself. I can find the point on the west side by locating the gateway. I cannot take the description in the deed and locate this point; you must have the gateway because it says on a direct line to the center of the gateway, and then from that place. * * * Without information as to the old gateway I could not say that the plat of land is correctly described by these deeds."

The evidence on the part of the defendants shows, without dispute, that in about the year of 1890 Levi W. Hipp, through whom both parties claim, and S. C. Hearn, through whom the plaintiff claims, established an agreed line between their respective properties, and constructed a line fence on the agreed line, and thereafter Hipp and Hearn occupied and claimed to this line fence, and this line fence was maintained up until about 15 years before the trial, the fence running in the general direction of a road in existence at the time of the trial. There was no evidence that the defendants, or any of them, were in possession of any of the land south of the old fence row, covered by the disclaimer. The testimony of Arthur Hipp, on cross-examination, found on page 29 of the record, referred to in argument, relates to the encroachment of the road, on one side or the other at different times, resulting from its use by the public as well as by the coterminous owners, and not to the possession of the land covered by the disclaimer.

The testimony of R. F. Smith on page 15 refers to possession of the strip in dispute as to which defendant pleaded not guilty.

When the evidence on the part of the plaintiff and as a whole is considered in the light of the burden of proof resting upon him and the rule of certainty governing verdicts in actions of this character, the only basis for a verdict for plaintiff at best rested "upon speculation pure and simple—a choice merely of conjectures," and was wholly insufficient to sustain such verdict. St. Louis & S. F. R. Co. v. Dorman, 205 Ala. 609, 89 So. 70; Doe ex dem. Rowe v. Goetchius, 180 Ala. 381, 61 So. 330; Bradford v. Sneed, 174 Ala. 113, 56 So. 532.

[7] On the other hand, the undisputed evidence offered by the defendants shows that the line had been established by the predecessors in title of both parties 19 years before the plaintiff acquired title, and more than 30 years before this suit was filed. So, taking either horn of the dilemma, the action of the court in giving the affirmative charge for the defendants was free from error. Copeland v. Warren, 214 Ala. 150, 107 So. 94; Taylor v. Fomby, 116 Ala. 621, 22 So. 910, 67 Am. St. Rep. 149.

There are no errors in the record, and the judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.