153 So. 660

**HENRY v. STABLER et al.**

**1 Div. 133.**

Court of Appeals of Alabama.
March 20, 1934.

J. G. Bowen, of Mobile, for appellant.

Doris Van Aller, of Mobile, for appellees.

SAMFORD, Judge.

Action was an account for material furnished in the construction of a house in the city of Mobile, and in the complaint a materialman's lien was claimed on the premises described. When the cause was called for trial, there was a consent judgment for plaintiff for $80 and costs. On the same day and on motion of defendants this judgment was set aside over the objection of plaintiff. Plaintiff then on March 30th moved the court to set aside the order granting defendant's motion to set aside the judgment by consent. This motion was overruled. The cause then proceeded to judgment, resulting in a judgment for plaintiff for $8 and $8 costs, and from this judgment plaintiff appeals.

■ Motion is here made to affirm the judgment for a failure of appellant to comply with Supreme Court Rule 1 in assigning errors, in that the assignments are typewritten on a separate piece of paper and pasted on the transcript. In Hunter v. L. & N. R. R. Co., 150 Ala. 594, 43 So. 802, 9 L. R. A. (N. S.) 848, our Supreme Court, speaking through Dowdell, J., said:. "We have on several occasions recently called attention of attorneys to the fact that the assigning of errors on separate sheets of paper and pasting the same on the page or pages of the transcript is not a compliance with the rule of practice as to the assignment of errors that has always obtained in this court." This case and others of similar import hold that the assignment in the instant record is not sufficient. Pugh v. Hardman, 151 Ala. 248, 44 So. 389; Gates Lbr. Co. v. Givins, 181 Ala. 670, 61 So. 330; Moon v. J.

E. Butler & Co., 9 Ala. App. 438, 62 So. 1019; Smitherman v. State, 16 Ala. App. 423, 78 So. 417; Jones v. Jarman, 18 Ala. App. 183, 89 So. 841. Under the above decisions the motion to affirm the judgment would be granted on account of a failure of appellant to comply with Supreme Court Rule 1 (Code 1923, page 880, Alabama Code. 1928, page 1928).

■ In addition to the above we call attention to the fact that there is no bill of exceptions. In the absence of a bill of exceptions we cannot review the court's rulings on the motion for a new trial or the motion to set aside the order granting the motion to set aside the consent judgment. Stover v. State, 204 Ala. 311, 85 So. 393; Allison v. Fuller-Smith & Co., 20 Ala. App. 216, 101 S. E. 626.

The judgment is affirmed.

Affirmed.