182 So. 92

## SKINNER v. JACKSON.

### 2 Div. 624.

Court of Appeals of Alabama.

March 8, 1938.

Rehearing Denied May 24, 1938.

D. M. Boswell, of Butler, for appellant.

Christopher & Lindsey, of Butler, for appellee.

SAMFORD, Judge.

Supreme Court rule 1 requires: "In assigning errors, it shall be sufficient to state concisely, in writing, in what error consists, which assignment must be written upon the transcript."

In this case the purported assignment of error is made on a separate sheet of paper, which is attached to a page of the transcript with ordinary paper fasteners subject to easy detachment and removal. This is the identical question decided in Hunter v. Louisville & N. R. Co., 150 Ala. 594, 595, 43 So. 802, 9 L.R.A.,N.S., 848, in

which it was held that the rule above referred to, and quoted, was not complied with in such manner as to authorize the appellate court to consider the assignments. It was, and is pointed out that the transcript is intended to be a permanent record, and is required by law to be bound for permanent preservation as a record of this court, and the assignment of errors, when made on its pages, becomes a part of the record.

Since the decision in the Hunter Case, supra, the Supreme Court and this court have had occasion to pass upon the question in a number of cases, in all of which they have held that rule 1 of the Supreme Court must be complied with before assignments of error will be considered. Pugh v. Hardman et al., 151 Ala. 248, 44 So. 389; E. W. Gates Lumber Co. v. Givins, 181 Ala. 670, 61 So. 330; McLeod et al. v. Adams, 218 Ala. 424, 118 So. 636; Moon v. J. E. Butler & Co., 9 Ala.App. 438, 62 So. 1019; Henry v. Stabler, 26 Ala.App. 85, 153 So. 660.

There being no legal assignments of error, the judgment is affirmed.

Affirmed.

#### On Rehearing.

However much this court might be inclined to grant the motion of the appellant to grant the rehearing, set aside the submission and permit appellant to assign errors, we cannot do this without disregarding the uniform holding of this court and of the Supreme Court. The rules of practice have been adopted for the orderly administration of justice, and should not be ignored by the very courts who adopted them.

Application overruled.