112 So.2d 457

**STATE of Alabama ex rel. Harry STRANGE,**
**Special Asst. Atty. Gen.**

v.

**A. L. KING et ux.**

**8 Div. 969.**

Supreme Court of Alabama.

May 21, 1959.

Harry Strange, Russellville, for appellant.

Guin, Guin & Cleere, Russellville, for appellees.

LAWSON, Justice.

The appeal is by the State of Alabama from a judgment entered in a condemnation proceeding.

Submission here was on the merits and on motions of appellee to strike the assignment of errors to strike the State's brief and to strike the transcript of the record.

The motion to strike the assignment of errors is well taken and disposes of this appeal. The other motions need not be considered.

Supreme Court Rule 1, Code 1940, Tit. 7 Appendix, provides in part as follows:

"In assigning errors, it shall be sufficient to state concisely, in writing, in what the error consists. *Such assignments shall be written or typed upon transcript paper and bound with the transcript.* \* \* \*" (Emphasis supplied)

The assignment of errors was not written or typed upon transcript paper. It was typed on a smaller sheet of paper which has been pasted on a sheet of transcript paper which is bound in the transcript. Under a very recent decision of this court, that procedure does not constitute a sufficient compliance with Supreme Court Rule 1. In Patton v. Colbert County, 265 Ala. 682, 92 So.2d 691, it was said in pertinent parts as follows:

"This is an appeal from a judgment of the Circuit Court of Colbert County, Alabama, awarding appellants $275 for property condemned for highway construction purposes.

"The appellee moved to affirm the judgment appealed from in this cause for want of legal assignment of errors \* \* \*

"The assignment of errors must be written on the transcript before the errors will be considered by this court. Supreme Court Rule 1, Code 1940, Tit. 7 Appendix. *An assignment of errors, made on a separate sheet of paper, which is attached to a page of the transcript with gummed tape, subject to easy detachment and removal, does not comply with this court rule,*

*and in such case there is nothing before this court to be considered.* Gates Lumber Co. v. Givens, 181 Ala. 670, 61 So. 330; Pugh v. Hardman, 151 Ala. 248, 44 So. 389; Hunter v. Louisville & N. R. Co., 150 Ala. 594, 43 So. 802 [9 L.R.A.,N.S., 848]; Mitchell v. Marshall County Livestock Market, 32 Ala.App. 42, 21 So.2d 446; Skinner v. Jackson, 28 Ala.App. 227, 182 So. 92, certiorari denied 236 Ala. 310, 182 So. 93; Moon v. J. E. Butler & Co., 9 Ala.App. 438, 62 So. 1019." (Emphasis supplied.)

Under the holding in Patton v. Colbert County, supra, and the cases there cited we are constrained to grant appellee's motion to strike the assignment of errors.

It follows that the cause must be affirmed for want of assignment of errors.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.