# Kirkland v. Trott.

*Statutory Real Action in nature of Ejectment.*

1. *Declaration explanatory of possession.*—The declaration of a person who is in possession of land, to the effect that he took possession as the agent of another, is explanatory of the nature and character of his possession, and admissible evidence as a part of the *res gestæ.*

2. *Denial of possession.*—In ejectment, or the corresponding statutory action (Code, §§ 2959-69), if the fact of possession at the commencement of the suit is controverted, the plaintiff must show that the defendant dispossessed him, or was in actual possession.

3. *Proof of possession.*—Possession by the defendant, when controverted, may be proved by his declarations or conduct : if he refuses to surrender the possession on demand, not denying the fact of possession, but resting his refusal on a denial of the plaintiff's right, this is an admission of possession, and he can not gainsay it when sued.

4. *Charge requiring explanation.*—There is no error in the refusal of a charge which, though it asserts a correct legal proposition, requires explanation to prevent it from misleading the jury.

APPEAL from the Circuit Court of Sumter.
Tried before the Hon. LUTHER R. SMITH.
This action was brought by David H. Trott, against David L. Kirkland, to recover an undivided half interest in certain

[Kirkland v. Trott.]

town lots in Livingston, with damages during their detention; and was commenced on the 3d July, 1875. The defendant pleaded, "that at commencement of said suit, and for a long time prior thereto, he was not in possession of the premises sued for;" and issue was joined on that plea. On the trial, as the bill of exceptions shows, the plaintiff deduced title to the premises sued for, under the following deeds: 1st, a deed from S. W. Murley and wife to Mrs. Mary Kirkland, the wife of William Kirkland, dated April 10th, 1857, and conveying the entire interest in the premises with covenants of warranty; 2d, a deed from said William Kirkland and wife to Robert W. Brewer, dated the 27th December, 1858, and conveying the said premises with covenants of warranty; 3d, a deed from said R. W. Brewer to P. G. Nash as trustee, dated the 28th December, 1858, and conveying the said premises, with other property, to said Nash as trustee, for the benefit of D. H. Trott and William Lockard, as sureties for said Brewer on several notes, and containing a power of sale if default should be made by Brewer in the payment of any of said notes at maturity; 4th, a deed from said Nash as trustee to said Trott and Lockard, dated the 23d January, 1863, reciting a sale of the property pursuant to the terms of the deed of trust, and a purchase by Trott and Lockard at the sale. There was no controversy as to any of these deeds. "Said P. G. Nash testified," as a witness for the plaintiff, "that each of the aforesaid grantors was respectively in possession under their deeds; that he sold the premises as described in his deed; that said Trott (plaintiff) paid his half of the purchase-money, and William Lockard paid the other half, and that he put them in possession."

"D. H. Trott, plaintiff, testified that previous to bringing this suit, and on the morning of the same day, he went and took possession of an undivided half interest in the lands sued for; that James Cobbs and J. L. Scruggs went with him, to see him make the entry; that he then returned to his office, and Charles Hogan came to his office soon afterwards, and told him that he had taken possession of the stable and lots as the agent of D. L. Kirkland. The defendant moved to exclude this evidence, because he (said D. L. Kirkland) was not present; which motion the court overruled, and the defendant excepted. Witness further testified, that Hogan told him he could not come on any part of the lots, and he should be prosecuted if he came on any part of the lots; and that he told plaintiff, also, that he had locked up the stables, had horses there, and had nailed up the house. Witness also saw a negro, some time afterwards

[Kirkland v. Trott.]

during the day, knocking on the stable door for some purpose; did not remember having any conversation with defendant on that day; that Hogan had been defendant's agent or clerk before that time, or has been in business with him. *James Cobbs* testified, that by his advice plaintiff entered and took possession of an undivided one-half interest in the lots sued for, in company with J. L. Scruggs; that the entry was made, by his advice, because of the refusal of D. L. Kirkland to allow plaintiff to have equal possession with him; that he delivered to said Kirkland in person, on that day, July 2d, 1875, a written demand of possession, as follows," setting it out; "that Kirkland took the demand, and went off towards the office of Mr. Thos. Cobbs; that said Thos. Cobbs and A. W. Cockrell afterwards came to the office of witness, which was also plaintiff's office, looked at the demand, threw it on the table, said that Mr. Trott must pursue his legal remedies, but would make no further answer, and went out; that Kirkland knew what the demand was, and would give no counsel; did not remember whether he said he was in possession or not, but he did not deny it, and said that Trott never should have any part of the land unless he got it by law; that Kirkland had frequently before refused to let Trott have any interest, and denied that he had any right thereto; that he did not speak of Hogan being in possession; that after this, during the same day, he (witness) notified Kirkland that Trott had entered into possession; that Hogan afterwards came to the office of witness, and told Trott, in the presence of witness, that he had taken possession of all the lots sued for as the agent of Kirkland, and that Trott must not come on the lots, and that he would be prosecuted if he did—that he had nailed up the house, and locked up the stable. Witness went out, and saw a negro knocking on the stable door; and witness then commenced this suit for plaintiff.

"D. L. Kirkland, the defendant, testified, that he recollected Mr. Cobbs showing him a paper, but he did not read it, and could not say whether or not that was the paper; that he went and consulted his attorneys, Major Cobbs and Mr. Cockrell; that, according to the best of his recollection, he did not tell Judge Cobbs that he was in possession; that he was not in possession; that he had, before that time, rented the stables to Hogan, who was deputy-sheriff, to keep his horses there; that he rented to Hogan for no particular time or amount, but never collected any rent out of him; that he had rented it to drovers occasionally, but frequently could not rent it at all; and that he had only collected about $60 rent in all."

[Kirkland v. Trott.]

"The foregoing contains all the evidence that was before the jury, relating to the possession of the land. After charging the jury orally, the court gave the following charges, at the request in writing of the plaintiff: 1. 'It was competent for Hogan to state how he held—whether as agent, or not; and if he stated to Trott that he held as agent for Kirkland, and that was true, the jury must find for plaintiff.' 2. 'If the jury believe that Kirkland put Hogan in possession, on the day suit was brought, to defeat Trott, after demand and refusal to let Trott into equal possession, they must find for plaintiff.' 3. 'If Kirkland was in possession on the day suit was brought, the jury should find for the plaintiff.' 4. 'If Hogan had possession for Kirkland, the jury should find for the plaintiff.'" To each of these charges as asked, except the first, the defendant excepted; and he requested the following charge, which was in writing: "The constructive possession which the right of property carries, as distinguished from the actual possession of a tenant, is not such a possession as the law requires the plaintiff to show in the defendant, to authorize a recovery by the plaintiff in this case." The court refused this charge, and the defendant excepted to its refusal; and he now assigns its refusal as error, together with the affirmative charges to which he excepted, and the admission of the evidence objected to, as above stated.

THOS. COBBS, and SNEDECOR & COCKRELL, for appellant.

JAS. COBBS, and BRAGG & THORINGTON, contra.

BRICKELL, C. J.—1. It seems to have been an admitted fact, that Hogan was in actual possession of the premises at the time of his declaration to Trott that he had taken possession as the agent of Kirkland. The declaration was explanatory of the nature and character of his possession, and was admissible as part of the res gestæ.—Bliss v. Winston, 1 Ala. 344; Fontaine v. Beers, 19 Ala. 722.

2. The only plea filed was a disclaimer by the defendant of possession of the premises at the time the suit was commenced; and to the fact of possession the contention in the Circuit Court was confined. To support the action of ejectment, or the corresponding statutory real action, if the fact of possession at the commencement of suit is controverted, it must be shown that the defendant dispossessed the plaintiff, or was in actual possession.—Tyler on Ejectment, 472. Possession may be shown by the declarations or conduct of the defendant; and if, when possession is demanded of the

[Kirkland v. Trott.]

defendant, he refuses to surrender, not placing the refusal on the ground that he is not in possession, but resting it upon a denial of the right of the plaintiff, this is sufficient evidence of possession.—*Doe v. Taylor*, 2 Stark. 535. By his own acts and declarations, he induces suit against him, and he can not be permitted subsequently to gainsay them. On the day before suit was commenced, the defendant was in possession ; and if there was a change of possession, it was after possession had been demanded of him by the plaintiff, and he had refused to surrender it, placing his refusal solely on a denial of the plaintiff's right and title ; saying, through his attorneys, that the plaintiff must pursue his legal remedies. It would be a fraud on the plaintiff, if he was permitted to defeat a suit he had in effect invited, if he was now permitted to deny that he had possession. Fair dealing required him, if he rested his refusal on the ground that he was not in possession, so to have stated.

When the old consent rule in the action of ejectment was of force, the defendant specified in the rule the part of the premises of which he was possessed, and for which he intended to defend. The consequence was, that the plaintiff was often taken by surprise, and his action was defeated by the disclaimer of possession by the defendant. To avoid this inconvenience, the statute now converts the plea of not guilty into an admission of possession, unless the defendant disclaims on the record—states distinctly the extent of his possession, if it is of a part only of the premises. If the disclaimer is of possession entirely, it can not be accompanied by the plea of not guilty.—*Bernstein v. Humes*, 60 Ala. 582.

It is obvious, in view of the undisputed fact, that the defendant did not, when possession was demanded of him, deny, but tacitly admitted that he was in possession, that there is no error in the several instructions given the jury, of injury to him, or of which he can complain. The instruction requested and refused certainly asserts a correct legal proposition, but it could not have been given properly, without explanation ; and there is no error in refusing instructions requested, which require explanation to prevent them from misleading the jury.

The judgment is affirmed.