# McQueen *v.* Lampley.

*Statutory Real Action in nature of Ejectment.*

1. *Plea of not guilty, and disclaimer.*—In a statutory action in the nature of ejectment, the plea of not guilty is a conclusive admission of the defendant's possession of the land sued for, and a denial of the plaintiff's title thereto (Code, §§ 2962-3); while a disclaimer is an admission of plaintiff's title, and a denial of defendant's possession; and these two defenses, being incompatible, can not be pleaded together in the same action.

2. *Same, where question is as to location of boundary line.*—Where the land in controversy is a narrow strip lying along the section line which divides the lands of the two parties, each claiming it as a part of his section, and the complaint describing it as a part of the plaintiff's section; the plea of not guilty being a conclusive admission of the defendant's

possession of the land sued for, he can not be permitted to prove that said land was not in fact a part of plaintiff's section, as averred in the complaint; while a disclaimer, if not controverted, would entitle plaintiff to judgment for the land, without damages or costs, and leave the location of the boundary line to the sheriff, assisted, perhaps, by a surveyor; thus operating a hardship on the defendant, which suggests the propriety of legislative interference.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. JOHN P. HUBBARD.

BUELL & LANE, for the appellant.

J. C. RICHARDSON, and JNO. GAMBLE, contra.

STONE, J.—The facts of this case present a novel question for solution, under the statutes of this State, as construed by this court. The plaintiff below, appellant here, owned lands extending to the north boundary of the north-west quarter of the north-west quarter of section 22, township 10, range 14. The defendants owned and were in possession of lands adjoining this tract on the north, being the south-west quarter of the south-west quarter of section 15, same township and range, and extending to the southern boundary of the section. It will thus be seen that the two freeholds are co-terminous. A dispute arose as to the proper location of the line which divided the two tracts; the plaintiff claiming that the defendants were in possession of the north end of her tract, a strip sixty or eighty feet in breadth. The true contention was, whether the strip in dispute lay in the one section or the other. The plaintiff in her complaint claimed "a strip of land one hundred feet wide off the north end of the north-west quarter of the north-west quarter of section 22, township 10, range 14, in Butler county, Ala.," &c.; which, she averred, was in the possession of the defendants. Under our statutes and decisions (Code of 1876, §§ 2962–3; Bernstein v. Humes, 60 Ala. 582; Kirkland v. Trott, 66 Ala. 417), if defendants took issue by pleading not guilty, they thereby admitted themselves in possession of the lands sued for. They set up no claim to any part of section 22. How was that issue to be raised, so as to have the jury pass upon it? If defendants had disclaimed possession of the land sued for—that described in the complaint—plaintiff, not taking issue on the denial, and not averring possession, would have had judgment for the lands, but without costs. And if the sheriff had been commanded to put the plaintiff in possession of the lands she had thus recovered, the judgment could have afforded him no guide. On him would have been cast the burden of ascertaining the true line, assisted, perhaps, by a surveyor. This would have fallen far short of a judicial ascertainment of

the boundary; the only purpose for which the suit was brought, and the only good it could accomplish.

The defendants sought to raise their defense as above stated, in several forms; but their various attempts to plead what amounted to the general issue, coupled with a denial that they were in possession of any lands in section twenty-two, were ruled out by the court. They finally went to trial on the plea of not guilty, and the statute of limitations of ten years. The court, against the objection of plaintiff, admitted testimony on the disputed question, whether the strip of land in controversy lay in section 15 or in 22. The jury were charged, that plaintiff must recover on the strength of her own title; and that she could not recover, unless the defendants were in possession of lands to which plaintiff had shown title. There were verdict and judgment for the defendants.

In statutory real actions in the nature of ejectment, the plea of not guilty, as we have stated above, is an admission—a conclusive admission—that the defendant is in possession of the lands sued for. The lands sued for in this case are described in the complaint as lying in section 22. This description is in accordance with the statute, and is sufficient.—Code of 1876, § 2960. The complaint does not claim title to any lands in section 15. The plea of not guilty, interposed by defendants, was, therefore, an admission that the strip of land across the north-west quarter of the north-west quarter of section 22, was in the possession of the defendants. Hence, the contention was over lands in section 22, and the issue was narrowed to the question of title, the question of possession having been eliminated by the pleadings. It follows, that the defendants, appellees, were improperly allowed to offer proof that they were not in possession of the part of section 22 described in the complaint. They had admitted that by their plea, and were estopped from disproving it.—*Cochran v. Miller, ante,* p. 50; *King v. Kent,* 29 Ala. 542; *Bernstein v. Humes,* 60 Ala. 582. In the present suit, the only question in issue being that of title to the lands described in the complaint, the plea of not guilty puts the title, and only the title, in issue. Disclaimer, or denial of possession, would have put in issue the question, and only the question, of possession. The former is an admission of defendants' possession, with denial of plaintiff's title; the latter, an admission of plaintiff's title, with denial of defendant's possession. They are incompatible defenses, and can not be pleaded together. *Bernstein v. Humes, supra.*

Denial, or disclaimer of possession of the lands sued for, would have been a denial that the lands, of which defendants had the possession, were in section 22. If, on such disclaimer interposed, plaintiff had not controverted it, by averring the de-

[Joseph v. Cawthorn.]

fendants were in possession, then plaintiff could have taken judgment for want of plea, and would have recovered the lands described in his complaint, but without damages or costs. This would have given her a right to the lands, extending up to the northern boundary of section 22 ; for the lands described in her complaint extended to that boundary. It would not, and could not, have determined where the true dividing line ran. That would not, in such supposed case, have been put in issue. As stated above, the duty of ascertaining where the true line was would have rested on the sheriff, in executing the writ of possession. Such judgment could not have accomplished the purpose the parties had in view.

In what is stated above, it is shown that, in such a case as this, if the defendant disclaim possession, the plaintiff may take judgment, and thus prevent a judicial ascertainment of the disputed boundary, and leave it for determination by the sheriff. We submit if there should not be some change of the statute on this subject. Should not a defendant, in a case like the present, have equal right with the plaintiff, who brings him into court, to so plead as to put the question of boundary in issue, and have the jury pass upon it? The plaintiff, by controverting the disclaimer, and averring the defendant was in possession when the suit was brought, may have a verdict and judgment on the question of boundary. He may, however, decline to do so, and thus leave the controversy in such form as to invite other suits. We may add, that if defendant denies possession, and plaintiff forms an issue upon it in the manner indicated above, that will present the question of boundary, on which there may be verdict and judgment.

Reversed and remanded.