# Sayers, *et al. v.* Tallassee Falls Mfg. Co.

### *Bill to Quiet Title.*

(Decided Feb. 10, 1910. Rehearing denied June 30, 1910. 52 South. 892.)

1. *Quieting Title; Relief; Possession of Defendant.*—A bill alleging that respondent claimed certain land and was in possession thereof, and that complainant is the owner in fee and praying for the enforcement of his rights, should be dismissed because complainant has a plain adequate remedy at law.

2. *Same; Preventing Multiplicity of Suits.*—Where the proper action to recover land is ejectment the mere fact that all the defendants cannot be joined in one suit, and that a multiplicity of suits will result cannot give equity jurisdiction to quiet title.

3. *Discovery; Relief in Equity; Grounds.*—The fact that the claimant of certain lands is ignorant of the territorial extent of the claim of one in possession or the source of his title, cannot give jurisdiction to the chancery court, to quiet title to such land on the theory that the bill seeks discovery.

4. *Ejectment; Inclusion of Land; Complaint.*—Where a claimant of lands is in doubt as to the territorial extent of the claim of one in possession he may include in his complaint in ejectment all possible territory.

5. *Landlord and Tenant; Recovery of Land; Title; Estoppel to Assert Outstanding Title.*—Before surrendering possession to the landlord, the tenants are estopped from asserting an outstanding title which has been granted them.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

[Sayers, et al. v. Tallassee Falls Mfg. Co.]

Bill by the Tallassee Falls Manufacturing Company against J. R. Sayers and another to recover possession of land. Decree for complainant and respondents appeal. Reversed and rendered.

JAMES W. STROTHER, for appellant. The party not in possession and claiming under a legal title has no standing in a court of equity.—*Plant v. Barclay*, 56 Ala. 563; *Daniel v. Stewart*, 55 Ala. 278. The fact that a number of suits were necessary would not give equity jurisdiction in this instance, nor is the bill aided by the assertion that complainants are unaware of the territorial claim of possession of several of the respondents.

J. M. CHILTON, for appellee. The bill is well filed in either aspect.—*Freeman v. Brown*, 96 Ala. 303; *Armstrong v. Connor*, 86 Ala. 350; 4 Pom. Eq. Jur. sec. 1399. The theory of the bill is that the complainant is out of possession but that the conditions are such that complete relief could not be had in an action at law and to prevent a multiplicity of suits.—*Sicard v. Guyllou*, 147 Ala. 242; 1 Pom. sec. 243; *Dennis v. M. & M. Ry. Co.*, 137 Ala. 649; *Morgan v. Morgan*, 3 Stew. 383. The erection of buildings upon one's land, and the threatened erection of others is ground for relief.—22 Cyc. 827. The bill is good as one for discovery.—*Hail v. V. & A. M. & M. Co.*, 93 Ala. 542; *Johnson v. Little*, 141 Ala. 382. The respondents were tenants at will of the company and used the possession thus acquired as a means of acquiring an outstanding title and possession. This, they cannot do.—*Littleton v. Clayton*, 77 Ala. 571; *Campbell v. Davis*, 85 Ala. 561; *Tomlinson v. Watson*, 77 Ala. 399; *Fleming v. Moore*, 129 Ala. 399. One in possession by a tenant is in peaceable possession so as to maintain a bill.—*Lyon v. Arndt*, 142 Ala. 486.

[Sayers, et al. v. Tallassee Falls Mfg. Co.]

McCLELLAN, J.—The gist of this bill, by appellee against appellants, is that the respondents claim certain lands and are in possession thereof, and that the complainant, on the other hand, claims to own, in fee, those lands, and desires by this bill to have its rights declared therein and to enforce its rights thereto.

The remedy at law is plain, adequate, and complete, dependent in its selection upon the circumstances under which unlawful detainer or ejectment is appropriate. If the complainant is entitled to this property, to the exclusion of the respondents, that result can be readily obtained in one or the other forms of action. The complainant not being in possession, peaceable or otherwise, if those in possession are not still its tenants, the bill is without equity as an appeal to the remedy afforded by our statutes for the quieting of titles and claims to real estate, or, as an effort to remove a specific cloud from its title.—*Lyon v. Arndt,* 142 Ala. 486, 38 South. 242; *Ran̄dle v. Draughdrill,* 142 Ala. 490, 39 South 162; *Holland v. Coleman,* 162 Ala. 464, 50 South. 128; 4 Pom. Eq. § 1399; *Jones v. De Graffenreid,* 60 Ala 145; *Daniel v. Stewart,* 55 Ala. 278; *Plant v. Barclay,* 56 Ala. 561. Nor can the bill be entertained in the aspect that it seeks discovery. No suit is pending to have determined and enforced any right, in respect to these lands, in or to the maintenance of which the matters sought to be discovered are material or are necessary to the enforcement of complainant's asserted rights. It has not been thought that ignorance, by a claimant, of the territorial extent of the claim of one in the possession of lands, both asserted right or title to, or of the source of the possessor's title, is a subject upon which a bill for discovery could be well rested. If the unpossessed claimant be doubtful of the territorial extent of the possessor's claim or possession (if

[Sayers, et al. v. Tallassee Falls Mfg. Co.]

such, in practice, there could be), he may include in his complaint at law all possible territory, and, if he exceeded the fact in his description, he has suffered no real detriment.

It is evident from the averments of the bill that the matters desired to be discovered must be inimical to complainant's interest or claim, except it is probable that, were the information gained, it would show in solemn form the source and territorial extent of the respondent's claim and referred possession under the conveyances mentioned in the bill. If it is assumed that if relegated to the law court the complainant could not join all these respondents as defendants in one action, that fact would not support an insistence that to prevent a multiplicity of suits equity would lend its aid. Mere numerousness of suits will not suffice to invoke that aid even by numerous defendants impleaded, in ejectment, by one plaintiff.—*Turner v. City of Mobile,* 135 Ala. 73, 121, 124, 33 South. 132. *Sicard v. Guyllou,* 147 Ala. 239, 41 South. 474, involves a status entirely foreign to that shown in this bill. If these respondents are tenants of complainant, under familiar principles they are estopped before surrendering possession from asserting an outstanding title which has been granted to them. If they are not estopped on account of the relation indicated, then the complainant's remedy is ejectment. There is no equity in this bill in any possible aspect of it.

The decree appealed from is reversed, and a decree will be here entered dismissing the bill for want of equity.

Reversed and rendered.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.