173 So. 229

**NELSON v. HARDIN.**

**7 Div. 368.**

Supreme Court of Alabama.

March 18, 1937.

McCord & McCord, of Gadsden, for appellant.

Rains & Rains, of Gadsden, for appellee.

GARDNER, Justice.

Statutory ejectment by appellant against appellee for recovery of two and one-half acres of land specifically described by metes and bounds, and known as the "Old Walnut Grove College property."

Plaintiff purchased this property from the trustees of the Walnut Grove College in 1924, and offered deeds in evidence tracing the title thereto as far back as 1891, and showing possession of the grantors.

■ The plea was the general issue, and that plaintiff made out a prima facie case for recovery cannot be seriously questioned.

Defendant was in possession of lands adjoining on the south and east, and it appears that the controverted issues really related to only a small strip between defendant's land and that of plaintiff on the south and east of said Walnut Grove College property. The real question in the case related to the exact location of the boundary lines of said college property, plaintiff insisting the old fences had been moved, and thus some of the property in this manner came into defendant's possession. Upon that issue the evidence was in sharp dispute.

■ Plaintiff, being uncertain as to the exact claim of possession of defendant, was within his rights in suing for the whole property. Sayers v. Tallassee Falls Manufacturing Co., 167 Ala. 553, 52 So. 892.

■ By the plea of the general issue, defendant admitted possession of the property sued for (here the entire tract), but denied plaintiff's title and right to possession. Sec-

tion 7456, Code 1923; McQueen v. Lampley, 74 Ala. 408; Seaboard Air Line Ry. v. Banks, 207 Ala. 194, 92 So. 117.

■ Confessedly, defendant was not in possession of the entire tract, but only a small portion on the south and east, not embraced within the confines of the fence, as now erected. The trial court, at plaintiff's request in writing, instructed the jury to find for the plaintiff for that part of the property of which defendant was confessedly not in possession. But this instruction was disregarded, and the general verdict was rendered in favor of defendant. This action of the jury was assigned as error on motion for new trial, and constitutes one of the assignments here argued as to the ruling of the court in denying said motion. That this ground of the motion was well taken, we think, is too clear for discussion.

Defendant did not avail herself of our statute as to disclaiming possession in part (section 7457, Code 1923; Smith v. Eudy, 216 Ala. 113, 112 So. 640), but put in issue not only plaintiff's title but his right to possession of the entire tract. The verdict was contrary to the instructions of the court, and was erroneous. Indeed, defendant laid no claim to a title to any of the property sued for. The deeds offered by her described none of this property, and in most instances referred to the Walnut Grove College property as one of the boundaries of defendant's land. It was in fact but a boundary line dispute.

The location of the true lines was a disputed issue, but defendant admitted she claimed no property not embraced in her deed, though her testimony shows she claimed the fence as now located was the line.

■ Conceding, without deciding, a jury question was in that respect presented, under Bates v. Southern Railway Co., 222 Ala. 445, 133 So. 39, yet we do not think the tax assessments and tax receipts offered by defendant were properly to be considered. The assessments (aside from their vague and indefinite description) did not pretend to embrace any of the property sued for, and, of course, this was also true as to the receipts. And, in addition, they were in the name of C. S. Hardin, defendant's husband, who died in 1930, and shed no light on the controversy. And section 6069, Code 1923, expressly discloses that it has no application to boundaries between coterminous owners.

What has been said should suffice for another trial of the cause.

Let the judgment stand reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.