25 So.2d 719

**CULVERHOUSE v. GLENN.**

4 Div. 386.

Supreme Court of Alabama.

April 18, 1946.

W. R. Martin, of Ozark, for appellant.

Chas. O. Stokes, of Ozark, for appellee.

STAKELY, Justice.

This is a statutory action in the nature of ejectment brought by W. J. Glenn (appellee) against Tullie Culverhouse (appellant) to recover about six acres of land lying in Dale County, Alabama. The case was tried before the court without the intervention of a jury and resulted in a judgment for the plaintiff.

In addition to the plea of the general issue, defendant interposed special pleas 2, 3 and 4. The court sustained demurrers to these special pleas. This ruling is assigned as error. Among other things, it is sufficient to say there was no error in this ruling, because in statutory actions of ejectment the only appropriate plea is "not guilty." Under such plea a defendant may introduce any evidence which will bar plaintiff's right of recovery, and this includes evidence to establish the statute of limitations of ten and twenty years, respectively, which pleas 2 and 3 attempted to set up. Title 7, § 941, Code of 1940; Bynum v. Gold, 106 Ala. 427, 17 So. 667; Metropolitan Life Ins. Co. v. Estes, 228 Ala. 582, 155 So. 79; Fiscus v. Young, 243 Ala. 39, 8 So.2d 514.

There is no need to set out the evidence in detail. Suffice it to say, that there was evidence tending to show that the six acres in question, for more than forty or fifty years, had been a part of the farm owned by appellee. Deeds introduced in evidence showed title in appellee and his predecessors in title as far back as 1856. Tendencies of the evidence showed possession in predecessors in title of appellee before any claim of title by appellant or his predecessors in title. In fact, tendencies of the evidence showed that, there had never been any question of appellee's title and those under whom he claims until 1944, just before this suit was instituted, when appellant erected a fence, thereby depriving appellee of possession. These tendencies of the evidence, if believed, showed a superior title in appellee. "Actual prior possession in the plaintiff, or in someone through whom he claims by grant, devise, or inheritance is such evidence of title as will support an action

**624**

against one who shows no better title." Stephens v. Stark, 232 Ala. 485, 168 So. 873, 874; Jackson Lumber Co. v. McCreary, 137 Ala. 278, 34 So. 850.

■ Since the case was tried before the court without the intervention of a jury, the judgment of the trial court has the effect of a verdict of a jury. We will not say that the judgment for the plaintiff was contrary to the weight of the evidence and accordingly, we will not revise it on appeal. Finney v. Studebaker Corporation, 196 Ala. 422, 424, 72 So. 54; Thornhill v. Gulf Coast Produce Exchange, 219 Ala. 251, 121 So. 912.

■ The suit was instituted on December 26, 1944, and service was had on the defendant on December 27, 1944. Defendant filed his plea, his initial pleading, on January 1, 1945. The plaintiff filed an amendment to his complaint on February 7, 1945. The defendant first demanded a trial by jury on February 17, 1945. The court refused to allow the case to be tried before a jury. There was no error in this action of the court. § 260, Title 7, Code of 1940; Schwend v. Birmingham, 215 Ala. 491, 41 So. 205; Carothers v. Callahan, 207 Ala. 611, 93 So. 569.

■ It is insisted that the amendment to the complaint filed February 7, 1945, constituted a new cause of action, and it is, therefore, argued that the demand for the jury was filed within the requisite thirty days. This is not correct. Among other things, if the defendant felt that he was prejudiced by having a new cause of action filed against him—and we do not decide that it was a new cause of action because decision is unnecessary—he should have moved to strike the amendment on the ground that it was a departure. Louisville & N. R. Co. v. Echols, 203 Ala. 627, 84 So. 827, 829; 49 C.J. 691; North Italian Colonial Co. v. Janovich-Calafiore Co. et al., 166 Ala. 201, 52 So. 339.

We find no merit in other assignments of error.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.