25 So.2d 850

## WETZEL v. HOBBS.

### 6 Div. 435.

Supreme Court of Alabama.

April 25, 1946.

Warren Upton, of Birmingham, for appellant.

David R. Solomon, of Birmingham, for appellee.

BROWN, Justice.

This is a statutory action in the nature of ejectment, Code 1940, Title, 7, § 938, by appellant against appellee to recover possession of a parcel of land or lot 135' x 50' in Jefferson County, Alabama, more specifically described in the complaint, consisting of a single count.

Defendant filed a plea denying "That the property set out in the complaint is the property of the plaintiff, or that the plaintiff is entitled to the same". The plea further denied that defendant was indebted to plaintiff. The general issue in the action in the nature of an ejectment is "not guilty", and its legal effect is to admit possession but denies title and plaintiff's right of possession. Code 1940, Title 7, § 941;

McQueen v. Lampley, 74 Ala. 408; Nelson v. Hardin, 233 Ala. 614, 173 So. 229. The plea filed by defendant is in substance and legal effect a plea of "not guilty".

It appears that the lot or parcel of land in question was assessed for taxes for the tax year 1942 against Mary Ellen Mueller; that the taxes became delinquent and in due course was sold under a decree of the Probate Court of Jefferson County, and bought in by the State for a total of $37.36, taxes and costs, and a certificate to this effect was issued by the Judge of Probate on the 20th of August, 1943. This certificate was assigned to the plaintiff by the State Land Commissioner upon the payment of the taxes and costs for which the land was sold, interest thereon, and subsequent taxes and interest amounting to $107.43. Said assignment being in writing and dated November 22, 1944. Said certificate was offered and received in evidence, without objection, in support of the complaint. There was an absence of evidence showing that Mary Ellen Mueller had any right, title or interest in said property at the time the taxes were assessed or at any other time, or that the parties were claiming under her as the common source of title. The evidence offered by defendant shows that she was in possession of the property under a lease sale contract and that she had paid the installments maturing under such contract, and had been in continuous possession from October 1, 1942, to the date of the trial. The lease sale contract was made between defendant and George and Duralle Dobbins, dated October 1, 1942. The defendant offered evidence showing that on the 27th of January, 1945, she redeemed said property from tax sale by paying $108.15, and received from the Judge of Probate a certificate of redemption. The certificate of redemption and the certificate of sale bearing the same "Unit No. 3-30023".

Trial by jury was waived, and the judgment went for the defendant. Motion for new trial was overruled.

Section 286, Title 51, Code of 1940, provides: "When the lands are bid in for the state at tax sales the state shall be entitled to possession of said lands im-

mediately upon execution of the certificate of sale by the judge of probate. If possession be not surrendered within six months from the date of sale after demand therefor is made by the land commissioner in behalf of the state, or if the certificate has been assigned, by the assignee, then the land commissioner in the name of the state or the assignee of the state, if the certificate has been assigned, may maintain an action in ejectment or a statutory real action in the nature of ejectment, or other proper remedy for the recovery of the possession of the lands purchased at such sales, and shall be entitled to hold the possession thereof on recovery, subject, however, to all rights of redemption provided for in this title." This section is dealing with the right of the State and its assignee as against the defaulting taxpayer, and unless it be shown that the party sued is claiming under, or is in privity with, defaulting taxpayer, the certificate of purchase by the State is inefficacious to warrant recovery in an action of ejectment where the plaintiff must recover on the strength of his own title. Monfee v. Hagan, 201 Ala. 627, 79 So. 189; Lyons v. Taylor, 231 Ala. 600, 166 So. 15. Moreover, the evidence shows that the defendant redeemed within the statutory period. Code 1940, Title 51, § 303.

The plaintiff failed to establish his right to recover, and the judgment for defendant was free from error.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.