36 So.2d 232

**FAUST v. FAUST et al.**

**4 Div. 484-A.**

Supreme Court of Alabama.

June 3, 1948.

Rehearing Denied June 30, 1948.

Chas. O. Stokes, of Ozark, for appellees.

J. C. Fleming, of Elba and Douglas Brown, of Ozark for appellant.

STAKELY, Justice.

W. M. Faust died intestate on July 22, 1940. At the time of his death he was the owner of real and personal property. His sole heirs were his children, all of whom were over the age of twenty-one years at the time of his death. Their names are W. M. Faust, Jr., Virginia Ragsdale, R. L. Faust (appellant), D. B. Faust, Laura Faust, Annie Hall and Louise Adams.

W. M. Faust, Jr. and Virginia Ragsdale were appointed administrators of the estate on August 27, 1940. On August 30, 1940, administration of the estate was removed from the Probate Court to the Circuit Court of Dale County, in equity. An appeal has been submitted to this court from a decree of final settlement in that proceeding. That case is styled Faust v. Faust, post, p. 60, 36 So.2d 229.

Acting upon the advice of counsel the administrators took no steps in their capacity

as administrators to take charge of the real estate and collect the rents therefrom. The personal estate was sufficient to cover the cost of administration and the payment of debts. Being two of the joint owners or tenants in common of the real estate, W. M. Faust, Jr. and Virginia Ragsdale did, however, as individuals, rent out the real estate and collect the rents. For that purpose they kept a rent account for the seven joint owners or tenants in common separate from their account as administrators.

On August 3, 1946, W. M. Faust, Jr. and Virginia Ragsdale, as administrators of the estate of W. M. Faust, deceased, filed their accounts for a partial settlement. At the same time as individuals they filed a separate petition in the Circuit Court of Dale County, in equity, asking for a partial settlement of their account for rents collected. The appellant here filed objections to the rent report. The register made his report on the partial settlement for rents on September 28, 1946. On September 30, 1946, the court approved and confirmed the partial rent report and authorized disbursement of the balance on hand.

On March 19, 1947, the appellees here filed a petition in the Circuit Court of Dale County for final settlement of the rent account. Attached to the petition as an exhibit is a statement of receipts and disbursements, including a statement of receipts and disbursements, as shown in an itemized statement thereof, attached to the report filed for the partial settlement. All of the other joint tenants or tenants in common, except this appellant, filed in court a written instrument in substance accepting service of the notice of the filing of the rental report, approving the report and consenting to the discharge of these appellees from all liability on account of the collection and disbursement of the rents. Appellant, however, filed a contest on the grounds in substance that the petitioners who were acting as trustees or agents according to the petition, were in reality acting as administrators of the estate of the decedent and were renting the lands without order of the court, that no annual disbursement of rents was made as required by law and that the administrators were liable for interest and for rents which they could and should have received.

On June 28, 1947, the register made his report on the petition for final settlement of the rent account and according to the record in this case gave notice to appellant that the report was on file and would lie over for five days for exceptions. Equity Rule 85, Code 1940, Title 7, Appendix, p. 1111. On July 5, 1947, no exceptions to the report having been filed, the court rendered a decree confirming the renting report. This appeal is from that decree.

■ "* * * It has become a settled rule in this country that a cotenant who has received money from third persons for the use of the common property becomes a trustee for the amount collected for the benefit of his cotenants, * * *." 14 Am. Jur. pp. 99, 100. For money so received, he must account. Henderson v. Stinson, 207 Ala. 365, 92 So. 453; 27 A.L.R. page 188. In the present case W. M. Faust, Jr. and Virginia Ragsdale took charge of the real estate, which was owned by their father, in their individual capacities and as cotenants with their brothers and sisters. There was no occasion for them as administrators to intercept the possession of the real estate from the heirs. Powell v. Labry, 210 Ala. 248, 97 So. 707. Since they held the rents which they had collected as trustees, the equity court had jurisdiction to pass on their rental account on their petition for an accounting. 65 C.J. p. 897; Rhoades v. Frazier, 124 Fla. 737, 169 So. 379.

■ So far as our review of the accounting is concerned, we have a situation where the register's report was confirmed by the court without exception on file thereto. This is tantamount to an admission of the correctness of the report and no objection to such correctness can be raised for the first time in this court. Jones v. Moore, 215 Ala. 579, 112 So. 207.

It is obvious that the decree of the lower court confirming the register's report must be affirmed here.

■ Before concluding this opinion, however, there is a matter to which we should refer. A motion has been filed here

by the appellant under Equity Rule 66, seeking, in effect, an order in this cause suspending distribution of the funds in the hands of the administrators until a bill of review can be passed on. The bill of review is for the purpose of readjusting the account between the administrators and appellant, because of allegedly newly discovered evidence. While it is not clear how the account between the administrators and appellant can affect the renting account, it is sufficient to point out that the court in its opinion rendered in the case referred to as Faust v. Faust, post, p. 60, 36 So.2d 229, has denied the motion.

The motion in this case is also denied.

The decree of the lower court is affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.