66 So.2d 91

**GOLDEN v. ROLLINS et al.**

**6 Div. 425.**

Supreme Court of Alabama.

May 14, 1953.

Rehearing Denied June 30, 1953.

Wm. Hugh McEniry and McEniry, McEniry & McEniry, Bessemer, for appellees.

Ross, Ross & Ross, Bessemer, for appellant.

## PER CURIAM.

This is an appeal by defendant in a statutory action to recover land which is described in the complaint as twelve acres of uniform width off the east side of the SE¼ of SE¼ of Section 8, Township 18, Range 5 West.

The defendant plead in short by consent the general issue with leave to give in evidence any matter which, if pleaded, would be admissible in defense of the action. The evidence disclosed that the real controversy was the dividing line between the land of plaintiff on the east side of said forty and that of defendant on the west side of the adjoining forty in section 9. So that, one question was the location of the section line between sections 8 and 9. The plea, as stated above, was no more than the plea of not guilty, which is the only appropriate plea to such an action. There may be various "suggestions" to the court leading to certain inquiries, but not guilty is the only plea which puts in issue plaintiff's title and right to the immediate possession, and admits possession by defendant. Section 941, Title 7, Code; Fiscus v. Young, 243 Ala. 39, 8 So.2d 514; Culverhouse v. Glenn, 247 Ala. 622, 25 So.2d 719; Wetzel v. Hobbs, 247 Ala. 659, 25 So.2d 850; State v. Broos, 257 Ala. 690, 60 So.2d 843. See sections 942, 945, 949 and 950, Title 7, Code.

We know of no case which holds that a plea with such an agreement permits evidence in conflict with the statutory admission. A disclaimer is conflicting with a plea of not guilty, and both cannot be interposed to the land sued for or to some certain portion of it. Therefore, disclaimer could not be specially pleaded as long as the plea of not guilty is before the court as to the same land. McQueen v. Lampley, 74 Ala. 408. Therefore evidence of it was not admissible on such issue as that made by the plea of not guilty with such an agreement.

Section 942, Title 7, Code, contains a provision for procedure appropriate to settle a boundary dispute in an action of statutory ejectment. That procedure was not here followed. Without following it, an unsatisfactory condition exists in the law as to the pleading to settle such a controversy.

When the complaint, as here, sues for a tract of land described as being on the east side of section 8, and when the dispute is twofold, (1) the true location of the east section line of section 8, which is the line between sections 8 and 9, and (2) a claim of title to the strip by adverse possession, in order to try both questions in the same suit, defendant must adopt the special procedure set up in section 942, supra. That section was enacted to accomplish that result. When a defendant in such a suit tries to set up other pleading to do so, he runs against insurmountable difficulties. If he pleads not guilty to it or any part of it, he admits that he is in possession of the land to which he pleads not guilty. Section 941, Title 7, Code. And such a plea also admits that the land, to which he pleads not guilty, is located within the limits of the government numbers there stated. McQueen v. Lampley, 74 Ala. 408. His only defense on such a plea is to controvert plaintiff's title to the land to which he plead not guilty. This he may do by showing a better paper title or by showing sufficient adverse possession, but the location of the boundary line is not thereby put in issue or subject to decision. McQueen v. Lampley, supra; Alverson v. Floyd, 219 Ala. 68, 121 So. 55.

Defendant's plea of not guilty should be addressed only to that part of the land sued for, of which defendant is in possession, which should be specially and accurately described with a disclaimer of possession as to the balance. If he is in possession of all the land sued for, a plea of not guilty generally is the only appropriate plea, as we have previously stated. Still no issue is made as to the boundaries.

If defendant wishes to controvert the allegation that he detains the land sued for or some part of it on the theory that it is not in section 8, as alleged in the com-

plaint, and does not use the special procedure of section 942, supra, the only course is to disclaim possession of all the land sued for, or of that certainly described strip alleged in the complaint to be in section 8. When he disclaims, plaintiff may either take a judgment against him without costs on his disclaimer, or may take issue on the disclaimer. If he takes a judgment on the disclaimer nothing is settled and the suit is an abortion. If he takes issue on the disclaimer, the only issue is whether the defendant is in possession of the land to which he disclaims. The disclaimer admits plaintiff's title, but denies that he is in possession. The burden is then on plaintiff to show that defendant is in possession. Smith v. Eudy, 216 Ala. 113, 112 So. 640; McQueen v. Lampley, supra; Alverson v. Floyd, supra.

■ That situation raises the question of whether the land disclaimed is in section 8, and that involves the location of the east section line of section 8. Adverse possession as evidence of title is not then involved. Yauger v. Taylor, 218 Ala. 235, as discussed on page 236, 118 So. 271.

■ The issues tried in this case were both as to the correct location of the section line between sections 8 and 9, and the title claimed to a certain strip by adverse possession by defendant. The first of these issues was not involved in the plea of not guilty, but it could be tried by common consent of all parties and the court, although not properly presented by the plea. Alverson v. Floyd, supra. That was done in this case. The court charged the jury that such was an issue for them, and also charged the jury that the question of adverse possession was likewise an issue in the case.

■ With respect to the establishment of the section line, a survey was made for that purpose by one Hyche, the county surveyor, who made a map of his survey. According to that survey defendant was in possession of a strip extending his possession in section 9 across the line into section 8. That was the real disputed strip in section 8, according to that survey. Defendant claimed it was not in section 8, but,

properly speaking, whether it was or not was not an issue made by the pleading. But it was tried as an issue and submitted to the jury. Defendant also claimed that strip by adverse possession, although the true location of the section line may put it in section 8. That was an issue made by the plea of not guilty as to all the land sued for. On that plea, the burden was on plaintiff to make out a case for recovery. He made a prima facie case by showing a prior possession to which he succeeded by grant. Culverhouse v. Glenn, 247 Ala. 622, 25 So.2d 719; Jackson Lumber Co. v. McCreary, 137 Ala. 278, 34 So. 850.

■ When plaintiff made proof of such right, the burden was on defendant to defeat it by showing a better title: (1) by a possession anteceding that under which plaintiff claims, and a succession to it by grant, devise or inheritance in defendant; or (2) by adverse possession. In undertaking to prove adverse possession, since he did not claim such possession of all the land sued for, though he plead not guilty as to it all, it was his duty to describe clearly the strip of which he claimed adverse possession. So that, if he proved his claim the jury could render a verdict for defendant for that strip. Failing in that respect, he would not be entitled to a verdict at all on his plea of not guilty, since he did not claim title to any land in section 8 by grant, devise or inheritance.

But the parties also tried the issue of the true location of the section line between sections 8 and 9, and the court submitted that to the jury, though it was not involved on the plea of not guilty.

In submitting the issues to the jury, the court limited their finding to one of the three forms of verdict which he gave them. If for the plaintiff, they were to select one of two forms: (1) "We, the jury, find for the plaintiffs O. D. Rollins and Laura D. Rollins, for the land sued for up to the Hyche survey line on the east side of said land"; (2) "We, the jury, find for the plaintiffs O. D. Rollins and Laura D. Rollins, for the land sued for up to the line marked by the fence," observing that the fence is approximately twenty-five or thirty

feet west of the Hyche survey line. If the jury find for defendant their verdict should be: "We, the jury, find for defendant, J. Latt Golden," and observed to the jury that, "In the event that you render a verdict for the defendant, J. Latt Golden, the legal effect of it will be to give the entire twelve acres of land to Mr. Golden". The defendant then and there excepted to the observation quoted as to the effect of finding for the defendant. The jury returned a verdict for the plaintiff using the form first above stated. The court then rendered a judgment for plaintiff that he "have and recover of the defendant the land sued for up to the Hyche survey line on the east side of said land together with the costs", etc.

■ Appellant insists that the description of the land in this verdict and judgment is insufficient in not describing the Hyche survey. It is agreed on all sides that the description must be clear and definite to withstand attack. Rowe, Doe ex dem v. Geetchius, 180 Ala. 381, 61 So. 330. When the verdict and judgment adopt a certain named survey as the true line and fix no data for locating it, give no monument barrier, course or direction, it is not sufficient. The judgment was reversed in Wade v. Gilmer, 186 Ala. 524, 64 So. 611, for such insufficiency. It was likewise held in the case of Oliver v. Oliver, 187 Ala. 340, 65 So. 373, that a similar status had such result.

Appellee insists that those cases do not apply for the reason that the verdict here is for the "land sued for" and that this is sufficient without the added clause "up to Hyche survey line on the east side of such land," which should not render void an otherwise good verdict and judgment. He contends that this case is controlled by Smith v. Bachus, 195 Ala. 8, 70 So. 261. That case commented on the cases of Wade v. Gilmer and Oliver v. Oliver, supra, and undertook to distinguish them, observing that it was held in those cases that the verdict did not respond to the issue submitted, which was to designate the true boundary.

■ That is exactly what the trial judge in this case instructed the jury, though not properly raised by the pleading as we have shown. Having submitted to such a trial the parties were entitled to a verdict to respond to that issue. Upon a finding that the Hyche survey was the true line, the jury found for plaintiff up to that line. But that did not describe the Hyche line, so that from the description it was not subject to location. In the case of Ward v. Lane, 189 Ala. 340, 341, 66 So. 499, the verdict and judgment fixing a boundary line as "The Thompson Line" was held insufficient on the authority of Wade v. Gilmer, supra.

■ The insufficiency of the description in the verdict and judgment is a ground set up in the motion for a new trial. It could be raised in that manner and was well taken. Nelson v. Hardin, 233 Ala. 614, 173 So. 229.

We think the description here is ruled by cases where, as here, the question is the true location of a boundary line. The description does not respond to that issue and the judgment decides nothing in conflict between the parties, and it should be reversed for another trial when the issues should be made up so as to present in specific form the controversy between them.

■ We think it was prejudicial for the court to instruct the jury that a verdict for defendant would give him all the twelve acres, whereas defendant did not claim it all. A general verdict for defendant would not give him the entire twelve acres. Such a verdict for defendant on the issues made would decide only that plaintiff does not recover of defendant any part of section 8. That would not change the existing status as to possession and would not be decisive of their controversy. It would not locate the section line, and would not serve to put defendant in possession of any land of which he is not in possession. An instruction that a general verdict for defendant would have the legal effect of giving him the entire twelve acres was an incorrect statement of its legal effect and highly prejudicial to defendant.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court while serving on it at the request of the CHIEF JUSTICE, under authority of

292

Title 13, section 32, Code, and was adopted by the Court as its opinion.

The judgment is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.