70 So.2d 813

**W. S. BREWBAKER, Inc.**

**v.**

**McCLINTON.**

**3 Div. 950.**

Court of Appeals of Alabama.

Feb. 16, 1954.

Wm. S. Duke, Montgomery, for appellant.

Godbold & Hobbs, Montgomery, for appellee.

PRICE, Judge.

Count one of the complaint was in detinue to recover possession of "one Dorsey flat trailer MC–10, Serial No. 3177 and the fifth wheel attached thereto," with the value of the hire or use thereof during the detention.

Count two was in trover for the conversion of said chattels. During the trial count two was withdrawn by plaintiff.

The cause was tried by the court without the intervention of a jury, and resulted in a verdict in favor of the plaintiff for the property sued for, together with $500 damages for its detention. The plaintiff filed replevin bond on April 3, 1951. The property being in possession of the successful party when the judgment was rendered, its alternate value was not assessed.

Appellant's first insistence is that the amendment changing the date of the alleged detention from March 9, 1951, to "to-wit" 2nd day of March, 1951, in count one of the complaint, constituted a new cause of action, for that, the date of the detention was not laid under a videlicet in the original count, and the demurrer thereto was improperly overruled. There was no error in the court's action in overruling the demurrer. The argument is that the effect of the amendment was to increase the amount claimed for the use or hire during the detention.

"An amendment so as to increase the amount claimed as damages does not, as a general rule, involve a change in the cause of action." 41 Am.Jur. p. 501, Sec. 304.

In Commonwealth v. A. B. Baxter & Co., 235 Pa. 179, 84 A. 136, 42 L.R.A.,N.S., 484, the court held that a change in the measure of damages without any change in the standard for measuring the damages, does not amount to the introduction of a new cause of action.

Moreover, we doubt that the objection to the amendment was properly raised. The following cases hold that defendant's remedy was by motion to strike and not by demurrer. Turner v. Roundtree, 30 Ala. 706; North Italian Colonial Co. v. Janovich-

Calafiore Co., 166 Ala. 201, 52 So. 339; Culverhouse v. Glenn, 247 Ala. 622, 25 So.2d 719; Isbell v. Bray, 256 Ala. 1, 53 So.2d 577.

The evidence shows without dispute that the Dorsey flat trailer was attached, by means of the fifth wheel, to a truck belonging to A. T. Parker. The truck, loaded with lumber for Gamble Brothers, broke down on the road and an employee of Gamble Brothers, with the mistaken idea that the truck was owned by Bonner and Beale, notified appellant to go get it. Appellant acting on the instructions of the man at Gamble's, who had no interest in the truck and no authority to give directions concerning it, pulled the truck and trailer into his place of business and repaired the truck. No repairs were made to the trailer or fifth wheel. Mr. Parker had no knowledge of the break-down and did not learn that his truck was in appellant's possession until after the repairs had been made. Appellee was renting his trailer to Mr. Parker for twenty per cent of its gross earnings.

When appellee learned his trailer was in appellant's possession he made demand for its return. He was told it was being held subject to the repairs on the truck and he would have to get it through the man who brought it in. Appellee then went with Mr. Parker to appellant's place of business and Mr. Parker requested appellant to let appellee have the trailer. This request was also refused.

The appellant insists that the evidence showed the trailer and fifth wheel were attached to the truck in such fashion that they became merged with and made a part of the truck and that appellant was holding the truck, trailer and fifth wheel as a unit until the bill for the repair of the truck was paid. There was dispute in the evidence as to whether or not the fifth wheel could have been removed from the truck without cutting it loose with a welder's torch.

■■ The general rule is that a garage man acquires no lien for repairs to an automobile made without the knowledge or consent of the owner. Jordan v. J. E. Rotten & Co., 23 Ala.App. 465, 126 So. 893; Blash-

field Cyclopedia of Automobile Law and Practice, Vol. 7A, Sec. 5103; 53 C.J.S., Liens, § 7, p. 852. Nor does the statute confer a lien by implication upon the property of a person who is not responsible for the debt. 53 C.J.S., Liens, § 7, p. 852.

■■ The evidence shows the defendant did not have a lien on any part of the property, and the fact that a third person owned part of the article sought to be recovered in detinue will not prevent a recovery by plaintiff if the defendant has no interest in the property. Morningstar v. Stratton, 121 Ala. 437, 25 So. 573; Campbell v. Riddle, 217 Ala. 619, 117 So. 59.

On the trial plaintiff testified he bought the trailer and fifth wheel on June 28, 1950, and had uninterrupted ownership of them since that time, and he introduced in evidence a bill of sale for the property. Defendant introduced testimony to the effect that when plaintiff first sought to obtain possession of the property from defendant he said he had a mortgage on it and exhibited a mortgage which was not read by defendant. In rebuttal plaintiff testified at first he thought he had a mortgage on "what Mr. Parker had," but a lawyer afterwards told him he only had a note. He stated he told Meacham he owned the trailer. He testified on cross-examination he had a note from Mr. Parker for one hundred fifty dollars and showed it to Mr. Meacham in an effort to bluff Meacham into giving him his trailer.

Appellant contends that appellee fraudulently misrepresented his title to the property in controversy and is estopped from claiming damages for its detention.

■ Defendant filed no special pleas. The law is well settled that estoppel must be specially pleaded, except in actions of trover, and if not specially pleaded the defendant cannot avail himself of estoppel as a defense, though it appears in the evidence. Jones v. Peebles, 130 Ala. 269, 30 So. 564; Norris v. Kelly, 249 Ala. 281, 31 So.2d 129; Snead v. Wells, 36 Ala.App. 524, 60 So.2d 299.

Appellant insists the court erred in overruling his motion for a new trial on the

ground of the excessiveness of the damages for the hire or use during the detention.

Plaintiff testified he was earning from $125 to $175 per week from Mr. Parker's operation of the trailer and that he could have kept it in constant operation during the time it was in appellant's possession; that he was unable to rent another trailer to replace it and that he lost from $125 to $175 per week during its detention. After it was returned to him by judicial process his earnings each week from the trailer were approximately the same amount.

The testimony was taken ore tenus before the trial judge. His findings and judgment had the force and effect of a jury verdict, and will not be disturbed on appeal unless plainly erroneous. 2 Ala.Dig., Appeal & Error ☞1008(1).

The evidence, if believed, warranted the trial court in fixing the amount of damages stated in the judgment for the hire or use during detention and his conclusions will not be disturbed.

The judgment is affirmed.

Affirmed.