82 So.2d 258

### J. E. SIMS

v.

### Boss SIMS.

### 7 Div. 285.

Supreme Court of Alabama.

Aug. 18, 1955.

Roy D. McCord, Gadsden, for appellant.

Hawkins & Rhea, Gadsden, for appellee.

LAWSON, Justice.

Appellee, Boss Sims, filed a statutory action in the nature of ejectment in the circuit court of Etowah County against his brother, J. E. Sims.

The cause was tried by the parties and by the court, jury trial having been waived, as if the main question at issue under the pleadings was the correct location according to government survey of the center section line dividing the East ½ from the West ½ of Section 22, Township 12, Range 8, in Etowah County.

After a considerable amount of testimony had been taken, the court at the request of the parties appointed a civil engineer to make a survey to determine the location of the line in dispute. Such a survey was made and filed with the trial court before judgment rendered. The judgment appealed from reads:

"Now, Therefore, It Is Considered, Ordered, Adjudged and Decreed That:

"The plaintiff shall have and recover lands in dispute in this cause, it being that land West of the boundary line between the Southeast Quarter (SE ¼) and the Southwest Quarter (SW ¼) of Section 22 in Township 12 South, of Range 8 East of the Huntsville Meridian, Etowah County, Alabama, including the residence and the outhouse to the residence of the defendant in this cause, J. E. Sims."

The judgment is entirely insufficient. The words "lands in dispute in this cause"

mean nothing. The lands in dispute are not adequately described in the complaint or in the judgment. The judgment decided nothing in conflict between the parties and it should be reversed for another trial when the issues should be made up as outlined in our recent case of Golden v. Rollins, 259 Ala. 286, 66 So.2d 91, so as to present in specific form the controversy between the parties.

Reversed and remanded.

STAKELY, GOODWYN, MERRILL and MAYFIELD, JJ., concur.