252 So.2d 331

Mary S. DAWSON

v.

Jessie Brunson THORPE et al.

4 Div. 33.

Court of Civil Appeals of Alabama.

Sept. 8, 1971.

**216**

Farmer & Farmer, Dothan, for appellant.

Kelly & Knowles, Geneva, for appellees.

WRIGHT, Judge.

Plaintiffs below brought an action at law in a two-count complaint. Count 1 begins as a code count for rent, but ultimately appears to evolve into a common count for money received by defendant to the use of plaintiffs. Count 2 is a code count for use and occupation of land. Both counts of the complaint indicate on their face that plaintiffs and defendant are tenants in common of the real property described therein.

The facts of the dispute are that defendant is the widow and devisee of James Spurgeon Brunson. The plaintiffs are brothers and sisters of James Spurgeon Brunson. They were heirs with him and others of the estate of J. C. Brunson. Prior to his death in 1962, James S. Brunson had been in possession of and cared for the property known as the J. C. Brunson Estate. J. S. Brunson had purchased the interest of all heirs to this estate except that of the plaintiffs here. At the time of his death he owned a four-sevenths interest and plaintiffs each owned one-seventh interest.

During the time of his occupation and management of the jointly owned lands, J. S. Brunson had let out the cultivated land on shares to sharecroppers. After paying all taxes and upkeep of the property, Brun-

son had paid annually to each of plaintiffs the sum of $150.00.

J. S. Brunson died in August of 1962. His widow, defendant below, after receiving the landlord's share of the 1962 crop, sent to plaintiffs the usual sum of $150.00 each. In the following years, up to and including the year 1966, the defendant rented the lands for standing rent. She continued to send plaintiffs the sum of $150.00 each annually, except for 1966 when she sent them $226.00 each. The evidence disclosed that for the years 1963–64–and–65, the cash rent paid defendant by the renters of the jointly owned land was $2100.00 each year. The total went up to $2300.00 in 1966. It is for their claimed respective interests in the rents paid defendant that plaintiffs brought this suit.

Upon trial before the judge, sitting without a jury, a judgment on count 2 was entered in favor of plaintiffs and against defendant for the sum of $1166.26 each. Defendant below appeals.

The first error assigned by appellant is that the trial court erroneously overruled her demurrer to count 1 of the complaint. Assuming for purpose of this opinion only, that count 1 was subject to demurrer on the grounds assigned thereto by appellant, we are unable to discern any injury to appellant by the action of the court in overruling such demurrer. The court found for the plaintiffs under count 2 of the complaint, not under count 1. There was no valid or sufficient demurrer to count 2 and no error assigned to any ruling thereon.

■ If a judgment is stated therein to be based upon a count of the complaint not challenged as insufficient on appeal, and there is legal evidence to support it, an erroneous ruling of the trial court on demurrer to another count of the complaint may not work a reversal on appeal. Nellis v. Allen, 268 Ala. 259, 105 So.2d 659.

Appellant's assignment of error 2 appears as follows:

"The Court erred in holding in effect that Appellant, a joint tenant in common, and in possession of the lands in question, was liable to the other joint tenants for rent, in the absence of an agreement to pay rents, and with no ouster as to the other tenants."

Since the beginning of this Court we have made strenuous effort to circumvent stringent requirements laid down by our appellate courts as to preciseness of assignments of error without doing injustice to the spirit of our appellate rules.

■ We do not feel at liberty to search for reasons for considering appellant's assignment of error 2 set out above. We are unable to determine with any clarity what adverse ruling is referred to when a "holding in effect" involving pages 9–55 in the transcript is charged as error. Perhaps appellant intends to indicate the judgment itself which appears on page 9, or the overruling of a lengthy objection of appellant on page 55, or perhaps there are various rulings in between which produced the effect complained of. The point is that assignments of error are forms of pleading on appeal and must, with reasonable clarity, state the specific and precise erroneous ruling of the trial court and point out the exact place it appears in the transcript. Madison Limestone Co. v. McDonald, 264 Ala. 295, 87 So.2d 539.

Assignment 2 does not point to any ruling of the court but is a statement of a legal conclusion alleged to be exemplified by the court's "holding." What "holding?"

■ The remaining assignments of error read as does assignment 2. They are insufficient and do not point to any specific ruling of the court. They do not comply with Rule 1, Supreme Court Rules. However, since appellees have answered the argument supporting them, we will discuss them in light of the arguments assigned.

It appears to be the contention of appellant that because she was in possession of the property owned by her and appellees as

tenants in common, any rents collected therefor were hers and appellees had no right to share with her. If this principle is not acceptable, it next is asserted by appellant that because, from the goodness of her heart, she chose to continue the largess of her deceased husband and send to appellees the sum of $150.00 a year for the use and enjoyment of their interest in the property, appellees are estopped to claim any greater sum, no matter what appellant gained from the use of their property.

There appears to be no question but that the mere occupation by a tenant in common of the entire estate without ouster, actual or constructive, does not enable co-tenants to collect rent from him or claim from him payment for use and occupation. Fielder v. Childs, 73 Ala. 567; Newbold v. Smart, 67 Ala. 326. Though tenants in common own only undivided shares or interests in the whole, each is entitled to possession and the possession of one is of all, if not in hostility to and in exclusion of the others. Newbold v. Smart, supra.

The authorities seem to be uniform that so long as one co-tenant is merely exercising his right to occupy, possess and enjoy the whole of the estate jointly owned with others, and does not oust or exclude his co-tenants from the same possession, he is not responsible to the other co-tenants for rent. However, if one co-tenant rents a part of the premises to a stranger, then he is accountable to the other co-tenants for their respective shares of the net rental. Faust v. Faust, 251 Ala. 35, 36 So.2d 232; McCaw v. Barker, 115 Ala. 543, 22 So. 131. It further appears that an action in assumpsit for such share by the co-tenants would be proper. McCaw v. Barker, supra.

Since there appears no complaint as to the form of the action brought below, whether a suit for use and occupation would be a proper form of action for recovery is not before us. We therefore reject the contention of appellant that because she was in possession of the lands as a co-tenant, she was not liable to appellees for their share of the rents and profits received from her rental to third parties.

We must further reject the contention by appellant that the acceptance of a payment of $150.00 a year for the years claimed amounts to acceptance of a rental contract for that amount, and raises an equitable estoppel preventing appellees from claiming more.

We would observe that the question of estoppel is not raised at any point in the pleadings. Estoppel must be specially pleaded, except in trover, and defendant cannot use it as a defense, though there are facts to support it in the evidence. W. S. Brewbaker, Inc. v. McClinton, 37 Ala. App. 474, 70 So.2d 813.

Appellant's last argued assignment of error is that her plea of res judicata should have been sustained by the court. The basis of the plea is that there was in 1966 an action in equity for partition of various properties jointly owned by the parties. This was not an adversary proceeding in fact. It was filed in compliance with an agreement in settlement of a will contest between the parties hereto. It involved other lands in addition to those in this proceeding. Appellant contends that failure of appellees to assert their claim for rents in the partition proceeding prohibits them from doing so now under the doctrine of res judicata. We do not think the plea of res judicata applicable under the facts presented here.

The appellant here was the complainant in the bill of complaint for partition of the lands. There were respondents other than appellees here. The stated purpose of the action for partition was the fulfillment of an agreement arising out of a settlement of a will contest. The proceedings in the partition action are a part of the record here. It is clear they were not really adversary as to the issues presented. There is no question that an

accounting or settlement of all related equities between the parties may be had in a partition action in equity. Henderson v. Stinson, 207 Ala. 365, 92 So. 453. However, we do not think that the doctrine of res judicata requires a respondent to file a cross-bill and expand the issues raised and presented by the complaint filed against him. Ashurst v. Preferred Life Assur. Soc. of Montgomery, 282 Ala. 119, 209 So. 2d 403. The complaint in the partition case in no way raised the issue presented here. Neither would the matter complained of here have have been a defense to the right to partition. The evidence does not sustain appellant's plea of res judicata.

No error of the trial court having been shown the judgment thereof is due to be affirmed.

Affirmed.